# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| PARALLEL NETWORKS, LLC | § | |
| | § | |
| Plaintiff, | § | C.A. NO. 6:10-CV-00111 |
| | § | |
| v. | § | JUDGE LEONARD E. DAVIS |
| | § | |
| ABERCROMBIE & FITCH CO., | § | JURY TRIAL DEMANDED |
| ET AL., | § | |
| | § | |
| Defendants. | § | |
| _____ | § | |

**BLOCKBUSTER'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT UNDER RULE 12(b)(6)**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ...................................................................................................................1

ARGUMENT............................................................................................................................3

I.   PLAINTIFF'S CLAIMS FOR INDIRECT INFRINGEMENT SHOULD BE
     DISMISSED BECAUSE IT FAILS TO ALLEGE A PREDICATE DIRECT
     INFRINGER OR THAT BLOCKBUSTER KNOWINGLY INDUCED OR
     CONTRIBUTED TO THE ALLEGED DIRECT INFRINGEMENT ...............................3

II.  PLAINTIFF'S CLAIM FOR WILLFUL INFRINGEMENT SHOULD BE
     DISMISSED BECAUSE IT FAILS TO ALLEGE REQUISITE FACTS
     RELATED TO BLOCKBUSTER'S PRE-SUIT CONDUCT ...........................................5

CONCLUSION.........................................................................................................................7

# TABLE OF AUTHORITIES

**Cases**

*ACCO Brands, Inc. v. ABA Locks Mfr. Co.,*
  501 F.3d 1307 (Fed. Cir. 2007) ................................................................................................ 4

*Ashcroft v. Iqbal,*
  129 S. Ct. 1937 (2009) .............................................................................................................. 2

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007) .................................................................................................................. 2

*BMC Res., Inc. v. Paymentech, L.P.,*
  498 F.3d 1373 (Fed. Cir. 2007) ................................................................................................ 4

*Clear with Computers, LLC v. Bergdorf Goodman, Inc.,*
  No. 6:09-cv-481, slip op. at 4–5 (E.D. Tex. Mar. 29, 2010) (Davis, J.) (Doc. No. 77) ....... 3, 4, 5

*Colida v. Nokia, Inc.,*
  No. 2009-1326, 2009 U.S. App. LEXIS 21909 (Fed. Cir. Oct. 6, 2009) .................................. 1

*Cuvillier v. Taylor,*
  503 F. 3d 397 (5th Cir. 2007) ................................................................................................... 2

*Eolas v. Adobe et al.,*
  6:09-cv-446, slip op. at 4-5 (E.D. Tex. May 6, 2010) (Davis, J.) (Doc. No. 282) ................ 2, 4

*Golden Blout, Inc. v. Robert H. Peterson Co.*
  365 F.3d 1054, (Fed. Cir. 2004) ............................................................................................... 4

*In re Seagate Tech. LLC,*
  497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc) ................................................................... 5, 6

*Novartis Pharms. Corp. v. Eon Labs Mfg., Inc.,*
  363 F.3d 1306 (Fed. Cir. 2004) ................................................................................................ 4

*Realtime Data LLC* v. *Morgan Stanley, et al.,*
  6:09-cv-00326, slip op. at 9-10 (E.D. Tex. May 7, 2010) (Love, J.) (Doc. No. 168) ............ 3, 6

*Warner-Lambert Co. v. Apotex Corp.,*
  316 F.3d 1348 (Fed. Cir. 2003) ................................................................................................ 4

**Rules**

Fed. R. Civ. P. 8 ........................................................................................................................ 1, 5

Fed. R. Civ. P. 11(b)......................................................................................................................5

Fed. R. Civ. P. 12(b)(6) of the Federal Rules of Civil Procedure ..................................................1

Defendant Blockbuster Inc. ("Blockbuster") moves this Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Second Amended Complaint (Doc. No. 106) ("complaint") of Plaintiff Parallel Networks, LLC ("Plaintiff" or "Parallel Networks") on the grounds that its purported claims directed to indirect infringement and willful infringement fail to state a claim for which relief may be granted.

**INTRODUCTION**

In this action, and another related action pending before this Court, Parallel Networks alleges that over 60 companies are infringing one or more of the 27 claims of U.S. Patent No. 6,646,111 (the "'111 patent"). Despite the obvious differences in products and services provided by the various defendants, Plaintiff's complaint provides the same rote infringement allegations—both direct and indirect—against each of the defendants. Regardless of whether the direct infringement claim against each defendant does or does not satisfy the notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure,[1] the claim for indirect infringement—contributory and inducement—is wholly deficient, as is the oddly-worded claim for willful infringement.

For example, without alleging facts sufficient to establish that Blockbuster was even aware of the '111 patent, the complaint states on information and belief that "at least since becoming aware of the '111 patent," Blockbuster "has been *or* now is" indirectly infringing "by way of inducing infringement *and/or* contributing to the infringement" of the '111 patent. *See* Second Amended Complaint ¶ 46 (emphasis added). Then the complaint goes on to allege that

---

[1] Notably, the Federal Circuit has questioned the continued vitality of Form 18 in light of recent Supreme Court precedent. *See Colida v. Nokia, Inc.*, No. 09-1326, 2009 U.S. App. LEXIS 21909, at *6 n.2 (Fed. Cir. Oct. 6, 2009) ("Form 18 is a sample pleading for patent infringement, but is not tailored to design patents and was last updated before the Supreme Court's *Iqbal* decision.").

"any such induced infringement" by Blockbuster "would necessarily involve" intent; and "any such contributory infringement" by Blockbuster "would necessarily involve" knowledge. *See id.* ¶ 47. These allegations do not sufficiently state a claim of indirect infringement.

Similarly, with respect to the complaint's willful infringement claim, rather than alleging facts related to Blockbuster's pre-suit conduct as required to establish willful infringement, the complaint purports to reserve the right to take discovery of potential pre-suit notice of the patent, and alleges that the defendants' "continuing infringement of the '111 patent during the pendency of this suit is willful." *Id.* ¶ 140.

As confirmed by recent decisions of the Supreme Court, the Fifth Circuit, and this Court, these indirect and willful infringement claims fail to state a cause of action upon which relief can be granted. The Supreme Court has recently explained that Rule 8 "requir[es] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Under *Twombly* and *Iqbal*, a well-pleaded complaint must include factual allegations that provide "the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F. 3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

This Court, following *Twombly* and *Iqbal*, has recently held that a claim for indirect infringement is deficient when the complaint fails to identify (1) a direct infringer in relation to the alleged indirect infringement; (2) which methods or systems (on a website or otherwise) indirectly infringe; or (3) which claims of the patent-in-suit are indirectly infringed. *See, e.g., Eolas v. Adobe et al.*, 6:09-cv-446, slip op. at 4-5 (E.D. Tex. May 6, 2010) (Davis, J.) (Doc. No. 282); *Clear with Computers, LLC v. Bergdorf Goodman, Inc.*, No. 6:09-cv-481, slip op. at 4–5

2

(E.D. Tex. Mar. 29, 2010) (Davis, J.) (Doc. No. 77). Moreover, Judge Love recently recommended that this Court dismiss a willful infringement claim (in addition to all other claims) because the amended complaint in that case did not allege any facts related to the defendants' pre-suit conduct necessary to establish willfulness. *See, e.g.*, *Realtime Data LLC* v. *Morgan Stanley, et al.*, 6:09-cv-00326, slip op. at 9-10 (E.D. Tex. May 7, 2010) (Love, J.) (Doc. No. 168).

Plaintiff's complaint should therefore be dismissed to the extent it purports to assert claims for indirect and willful infringement because the complaint fails to allege *any* facts whatsoever to support these claims.

## ARGUMENT

### I. PLAINTIFF'S CLAIM FOR INDIRECT INFRINGEMENT SHOULD BE DISMISSED BECAUSE IT FAILS TO ALLEGE A PREDICATE DIRECT INFRINGER OR THAT BLOCKBUSTER KNOWINGLY INDUCED OR CONTRIBUTED TO THE ALLEGED DIRECT INFRINGEMENT

Plaintiff's indirect infringement claim against Blockbuster is limited to the following threadbare allegations:

> Further, on information and belief, at least since becoming aware of the '111 patent, BLOCKBUSTER, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.blockbuster.com by others.
> Upon information and belief, any such induced infringement by BLOCKBUSTER, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

Sec. Am.Comp. ¶¶ 46, 47.

It is well established, however, that there can be no induced or contributory infringement unless a plaintiff can prove that some person or entity committed the entire act of direct infringement. *See Novartis Pharms. Corp. v. Eon Labs Mfg., Inc.*, 363 F.3d 1306, 1308 (Fed. Cir. 2004) ("When indirect infringement is at issue, it is well settled that there can be no inducement or contributory infringement absent an underlying direct infringement."). Moreover, a claim for induced infringement requires a showing that the defendant knowingly induced the infringement and possessed specific intent to encourage the infringement. *See ACCO Brands, Inc. v. ABA Locks Mfr. Co.*, 501 F.3d 1307, 1312 (Fed. Cir. 2007). Mere knowledge by the accused infringer is not enough—specific intent and actions to induce infringement are required. *See Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1364 (Fed. Cir. 2003). And a claim for contributory infringement requires the patentee to show that the defendant knew that the combination for which its components were especially made "was both patented and infringing." *Golden Blout, Inc. v. Robert H. Peterson Co*. 365 F.3d 1054, 1061 (Fed. Cir. 2004) (internal quotations omitted).

Here, Plaintiff's induced and contributory infringement allegations should be dismissed because the complaint fails to plead facts demonstrating critical elements of either claim. First, Plaintiff fails to allege facts showing direct infringement of a valid claim by a third party. Instead, Plaintiff simply asserts that Blockbuster indirectly infringes in connection with "making and/or using of www.blockbuster.com by others." This provides no guidance at all as to which person or entity, if anyone, directly infringes any of the claims of the '111 patent. *See Clear with Computers*, 6:09-cv-481, slip op. at 7 (Doc. No. 77); *see also Eolas*, 6:09-cv-446, slip op. at 5 (Doc. No. 282).

Second, there are no facts set forth in the complaint establishing that Blockbuster had the requisite knowledge for contributory infringement liability, or specific intent to induce infringement. Instead, the complaint simply asserts that "any such induced infringement" by Blockbuster "would necessarily involve" intent; and "any such contributory infringement" by Blockbuster "would necessarily involve" knowledge. *Id.* ¶ 47. Not only are such allegations insufficient, they also raise questions concerning the fundamental basis that Plaintiff had for its indirect infringement claims, such as they are. *Cf. Clear with Computers*, 6:09-cv-481, slip op. at 7 (Doc. No. 77) ("The Court has high expectations of a plaintiff's preparedness before it brings suit.").

Third, the complaint fails to identify which claims of the '111 patent are indirectly infringed or the methods or systems within Blockbuster's website that indirectly infringe any of the claims. *See id.* at 7-8 (holding that a claim for indirect infringement was deficient because it did not identify the claims of the patent-in-suit that are indirectly infringed or the methods or systems within a website that infringe those claims).

Taken as a whole, there are no facts alleged in the complaint that could establish Blockbuster's liability for indirect infringement, even if all such facts are taken to be true. Therefore the indirect infringement claims against Blockbuster must be dismissed.

## II. PLAINTIFF'S CLAIM FOR WILLFUL INFRINGEMENT SHOULD BE DISMISSED BECAUSE IT FAILS TO ALLEGE REQUISITE FACTS RELATED TO BLOCKBUSTER'S PRE-SUIT CONDUCT

The Federal Circuit has held that "when a complaint is filed, a patentee must have a good faith basis for alleging willful infringement." *In re Seagate Tech. LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc). At a minimum, Plaintiff must allege the facts that form the basis for its good faith belief that its claim of willful infringement has evidentiary support. *See id.* at 1374 ("[W]hen a complaint is filed, a patentee must have a good faith basis for alleging willful

5

infringement." (citing Fed. R. Civ. P. 8, 11(b))). Moreover, a willfulness claim in a complaint "must necessarily be grounded exclusively in the accused infringer's pre-filing conduct." *Id.* at 1371.

Plaintiff's willful infringement claim in this case is two-pronged: (1) the complaint purports to reserve "the right to take discovery regarding pre-suit notice of the '111 patent" by Blockbuster (and other defendants); and (2) the complaint alleges that the "Defendants continuing infringement of the '111 patent during the pendency of this suit is willful, including because their infringement is clear and, at a minimum, such continued infringement would necessarily be an objectively reckless act." *See* Sec. Am. Comp. ¶ 140. On both counts, Plaintiff fails to state a claim upon which relief can be granted.

First, Plaintiff's complaint alleges willful infringement without identifying any facts related to Blockbuster's pre-filing conduct that would support such allegations. Instead, Plaintiff asserts that it reserves the right to take discovery regarding such pre-suit conduct. This is contrary to *Seagate*'s holding that the patentee must have a good-faith basis for alleging willful infringement in a pleading. Recently, in *Realtime Data*, Judge Love recommended dismissing a willful infringement claim in an amended complaint that similarly purported to reserve rights to discovery on pre-suit conduct related to willfulness. As Judge Love explained, alleging willful infringement while reserving the right to request discovery of related pre-suit conduct, without more, fell "short of the 'good faith' evidentiary basis required by Rule 11(b). *Seagate* clearly requires a patentee to do more than suggest that more definite allegations are to follow once discovery is underway." *Realtime Data LLC*, 6:09-cv-326, slip op. at 10 (Doc. No. 168). For the same reason, Plaintiff's claim should be dismissed here.

Second, contrary to the Plaintiff's allegation, a willfulness claim must be grounded entirely on a defendant's pre-suit conduct. *See Seagate*, 497 F.3d at 1371. So any alleged post-filing infringing conduct by Blockbuster is not a proper basis for a willful infringement claim, and must be dismissed.

Thus, because Plaintiff's willfulness allegations are not rooted in Blockbuster's pre-suit conduct, and does not allege any facts sufficient to establish such willful pre-suit conduct, it must be dismissed.

## CONCLUSION

For the foregoing reasons, Blockbuster respectfully requests that this Court grant its motion and dismiss the Second Amended Complaint's claims for indirect infringement and willful infringement.

Dated: June 11, 2010

Respectfully Submitted,                                VINSON & ELKINS L.L.P.

/s/ *Scott W. Breedlove*
Scott W. Breedlove (TX Bar No. 00790361)
LEAD ATTORNEY
Vinson & Elkins L.L.P.
2001 Ross Avenue
3700 Trammell Crow Center
Dallas, TX 75201-2975
Telephone 214.220.7993
Facsimile: 214.999.7993
sbreedlove@velaw.com


David Kent Wooten (TX Bar No. 24033477)
Vinson & Elkins L.L.P.
2500 First City Tower
1001 Fannin Street
Houston, TX 77002
Telephone: 713.758.2222
Facsimile:  713.615.5216
dwooten@velaw.com

**Attorneys for Defendant**
**Blockbuster Inc.**

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by facsimile transmission and/or first class mail this 11th day of June, 2010.

                                                   */s/ Scott W. Breedlove*
                                                     Scott W. Breedlove