**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

PARALLEL NETWORKS, LLC,

    Plaintiff,

v.

ABERCROMBIE & FITCH CO., et al.,

    Defendants.

Civil Case No. 6:10-cv-111-LED
Hon. Leonard E. Davis

**AMAZON.COM, INC.'S MOTION TO COMPEL**
**RULE 30(b)(6) DEPOSITION OF PLAINTIFF PARALLEL NETWORKS, LLC**

Amazon.com, Inc. ("Amazon") hereby moves to compel the Rule 30(b)(6) deposition of Parallel Networks, LLC ("Parallel"), noticed by Amazon on December 21, 2010 to take place on January 18, 2011. The deposition seeks the most basic answers in a patent case – what is accused, and why? Yet, despite multiple meet-and-confers, Parallel has decided unilaterally that it will not provide a witness. Parallel bases its refusal primarily on the assertion that so long as Parallel has provided Amazon with infringement contentions in a timely manner, then Parallel is immune from discovery on its infringement claims. Under this Court's precedent, and the rules of discovery, Amazon is unquestionably within its rights to pursue the discovery sought.

**I.    BACKGROUND**

This is the second time Parallel has sued Amazon on the same patent (U.S. Patent No. 6,446,111, or "the '111 patent") before this Court. Parallel first sued Amazon (and Google Inc. and Kayak Software Corporation) on April 6, 2009. *See generally Parallel Networks, LLC v. Google Inc. et al.*, No. 6:09-cv-00154-LED (E.D. Tex.). In that case, after the exchange of contentions, Amazon and the other defendants noticed Parallel's deposition on its infringement contentions. (*See* Ex. 1.) Before the deposition could be scheduled, however, Parallel voluntarily dismissed its case, because its counsel (the Niro Scavone firm) did not wish to

proceed with the case. Notably, Parallel held onto Amazon's document production from the first case, meaning Parallel has had documents regarding Amazon's accused instrumentalities for at least 14 months.

After finding new counsel (first the Collins firm, then the Spangler firm, and now the Bosy firm), Parallel filed suit against Amazon and numerous other defendants on March 29, 2010, again alleging infringement of the same '111 patent. (Parallel has since sued dozens of other defendants in three other lawsuits before this Court on the '111 patent.) Like in the original case against Amazon, the complaint and its subsequent amendments generally identify Amazon's Internet web site, a few named features, as well as "[s]ystems and methods used to operate www.amazon.com (including any subdomains)" and "[n]umerous JavaScript Applets present on www.amazon.com (including subdomains) pages," as allegedly infringing the '111 patent. (*See* Ex. 2 at 13.) Given Parallel's new counsel in this case, Amazon presumed that early disclosures and discovery procedures would shed light on the full scope of specific products and features Parallel was accusing, and provide details relating to Parallel's theory of infringement for each such product.

The contentions fail to provide the necessary detail. Parallel served its P.R. 3-1 and 3-2 disclosures on September 13, 2010, but substantially omitted details about the specific products and features accused of infringement, and the manner in which they allegedly do so. In sum, despite having had document discovery from Amazon for 14 months, the contentions are nearly identical to the ones it served in the first case against Amazon and remain inexplicably deficient. For example, Parallel continues to rely on general descriptive statements rather than specific identification of all accused products for Amazon. Also, Parallel provided a single claim chart to Amazon, notwithstanding Parallel's obligation to present charts demonstrating how each element of each asserted claim is allegedly found within each accused instrumentality. (*See id*.) Consequently, Parallel has left Amazon to speculate as to the complete scope of the products and features that are accused of infringement, and how each allegedly infringes in Parallel's view.

2

With discovery underway and the claim construction process looming, on December 21, 2010, Amazon noticed a deposition of Parallel under Federal Rule of Civil Procedure 30(b)(6) to investigate Parallel's infringement contentions. (*See* Ex. 3.) The notice included four narrowly drawn topics for deposition, all of which are directed at discoverable information related to Parallel's allegations of infringement:

1. The complete basis and foundation for PN's contentions that Amazon infringes, directly or indirectly, literally or under the doctrine of equivalents, any asserted claim of the '111 patent, through the manufacture, use, offer for sale, sale, and/or importation of its Accused Amazon Technology or otherwise, and any documents or things related thereto.

2. PN's Infringement Contentions, the complete basis and foundation therefor, and any documents or things related thereto.

3. PN's understanding of the specific identity, structure, operation, architecture, and function of each Accused Amazon Technology which PN contends allegedly infringes any asserted claim of the '111 patent.

4. PN's contention as to whether each of the Accused Amazon Technologies, alone or in combination, practices each and every limitation of the asserted claims of the '111 patent, the basis and foundation therefore, and any documents or things related thereto.

*Id.* On December 30, 2010, Parallel's counsel sent a letter stating that "Parallel Networks declines to provide a witness in response to Amazon's Rule 30(b)(6) notice at this time." (Ex. 4.) It is Parallel's position that "[n]othing further is required from Parallel Networks at this time." (*Id.*) This is in direct opposition to the Federal Rules, Local Rules, and this Court's precedent regarding discovery.

Over the course of the ensuing six weeks, counsel for the parties repeatedly met and conferred, but the process was unproductive. Parallel continues to refuse to submit to a Rule 30(b)(6) deposition on its contentions. Parallel's unjustified refusal shields unquestionably relevant, discoverable information from Amazon, thereby delaying the case and otherwise prejudicing Amazon. Amazon has endured being named in two separate lawsuits, both under the auspices of deficient contentions. It should be allowed to take discovery to establish what exactly is being accused, and why Parallel is accusing it. For this reason, Amazon respectfully

requests that the Court order Parallel to provide a witness for deposition on the noticed topics with five business days of the Court's order on Amazon's motion.

## II. ARGUMENT AND AUTHORITIES

The facts and case law, including this Court's Order in *MyMail, Ltd. v. America Online, Inc.*, Case No. 6:04-cv-189 (E.D. Tex. Sept. 28, 2004) (*see* Ex. 5), firmly support Amazon's motion to compel.

### A. Legal Standards[1]

"The Court has a policy of liberal, open, and forthright discovery." *Garmin Ltd. v. TomTom, Inc.*, 2007 WL 2903843, at *8 (E.D. Tex. Oct. 3, 2007) (Davis, J.). Material is discoverable if it is "relevant to any party's claim or defense.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1); *see also MyMail*, at 2. This Court has plainly stated that "one party may not unilaterally decide when to withhold discovery." *Garmin*, 2007 WL 2903843, at *8.

In *MyMail*, AOL sought a corporate deposition of MyMail relating to "[t]he basis and foundation for MyMail's contention that AOL infringes any claim of the '290 patent." *MyMail*, at 3. MyMail refused to produce a corporate designee on this and other topics on the grounds that such a deposition was improper before discovery was substantially complete. *Id.* at 1, 3. The Court granted AOL's motion to compel the deposition, reasoning that "[i]nformation is discoverable as soon as it becomes relevant; parties do not have authority to determine when information will be disclosed." *Id.* at 2. Finally, the Court warned all parties that: "[T]he Court will not tolerate gamesmanship that attempts to conceal or delay the production of discoverable items." *Id.* (quoting *STMicroelectronics, Inc. v. Motorola, Inc.*, 308 F. Supp. 2d 754, 756 (E.D. Tex. 2004)).

---

[1] Amazon provided Parallel with the relevant case authority cited in this motion. Parallel apparently found such authority unpersuasive.

Similarly, in *Garmin*, the Court heard cross motions to compel and for protection related to a Rule 30(b)(6) deposition, noticed by TomTom, including "three topics: 1) Garmin's Infringement Contentions, 2) knowledge of accused products, and 3) facts surrounding how Garmin determined TomTom was infringing." 2007 WL 2903843, at *8. Garmin unilaterally cancelled the deposition, arguing that its infringement contentions had not been supplemented with recently discovered information. *Id.* The Court granted TomTom's motion to compel, reasoning that Garmin could not delay discovery regarding its infringement contentions. *Id.*

Given this Court's clear authority on the matter, Parallel's attempt to shield itself from the noticed deposition is untenable, especially given that this is Parallel's second suit against Amazon on the same patent, and the fact that Parallel has had Amazon's documents for 14 months.

**B.   Amazon Seeks and Should Be Granted Access to Relevant, Discoverable Information**

Amazon's notice of deposition to Parallel includes topics that seek information plainly relevant to its defenses—the identity of products accused of infringement, the theory of infringement of each such product, a description of how each accused product meets the limitations of the asserted claims of the '111 patent, and the evidence that supposedly supports those allegations. Simply stated, Amazon needs to know what to defend before it can mount a suitable defense. This information should have been disclosed by Parallel under P.R. 3-1.

Parallel's disclosures, however, have been woefully deficient. First, Parallel included a general accusation that "Javascript applets present on www.amazon.com pages" infringe the '111 patent. (Ex. 2, Chart at 1.) For the remaining named products and services, Parallel included a single claim chart. Again, this not only ignores the requirements of the Local Rules to provide a chart for each accused instrumentality, but shifts the burden to Amazon to seek relevant information—withheld by Parallel—that should have been disclosed without request. Ultimately, Parallel's refusal to submit to deposition relating to its infringement contentions

prevents Amazon from best defending itself and is the type of gamesmanship against which the Court warned in *MyMail* and *STMicroelectronics*.

Parallel's unilateral decision to withhold discovery also prejudices Amazon's ability to defend itself in this case. For example, for Amazon to ensure it has identified all of its relevant witnesses, it needs a precise articulation of what exactly Parallel accuses. For Amazon to participate in claim construction, it needs to know how Parallel is reading the asserted claims. Furthermore, Amazon served its P.R. 3-3 invalidity contentions without the benefit of full disclosure of Parallel's theory of infringement – as the Court is aware, invalidity is informed in part by the plaintiff's apparent reading of the asserted claims.

The prejudice to Amazon from Parallel's refusal to submit to discovery is tangible and manifest. Amazon asks the Court to prevent any further prejudice to Amazon by compelling Parallel to submit to deposition on the four topics noticed on December 21, 2010.

### C. Parallel Has No Basis for Withholding Relevant Discovery by Refusing to Submit to Deposition

Parallel has cited no authority and has no reasonable basis for withholding its corporate deponent from Amazon. Parallel has given three reasons for its refusal to provide a designee on Amazon's noticed deposition topics: (1) Parallel "has previously provided Amazon with its infringement contentions in a timely fashion"; (2) discovery related to Parallel's infringement contentions is premature; and (3) Parallel "expects to provide a very limited number of Rule 30(b)(6) witnesses in this action; as a consequence, efficiency dictates that most or all topics be covered in a limited number of depositions." (*See* Ex. 4.)

The notion that simply providing timely P.R. 3-1 and 3-2 submissions forecloses discovery of the plaintiff's theories of infringement is squarely in conflict with established procedure and the Court's policy of forthright discovery. *See, e.g.*, *MyMail* and *STMicroelectronics*.

Moreover, Parallel improperly cites Amazon's response to Parallel's Interrogatory No. 1 for the proposition that infringement contentions discovery is premature. Parallel's interrogatory

sought to have Amazon describe why Amazon does not infringe (an interrogatory that Amazon plainly cannot answer at least until Parallel articulates why Amazon does allegedly infringe). The interrogatory thus effectively turned the appropriate burden of proof on its head. Accordingly, Amazon directed Parallel to *Jacobs Chuck Manuf. Co. v. Shandong Weida Mach.*, No. 2:05-cv-185-TJW (E.D. Tex. Aug. 18, 2006), in which Judge Ward denied a defendant's motion to compel a response to a contention interrogatory asking the plaintiff to "[i]dentify each element of the asserted claims…not disclosed in each of the prior art references." (*See* Ex. 6 at 1.) The Court reasoned that such an interrogatory was premature and would not need to be answered until a claim construction ruling was issued. (*Id.* at 2.) In a footnote, the Court added: "The court sees no reason why this holding would not apply equally to the reverse situation—an interrogatory served by plaintiff early on in the case asking a defendant to identify all of the limitations of an asserted claim that the defendant contends are not found in an accused product." (*Id.*) Parallel's Interrogatory No. 1 is just such a non-infringement contention interrogatory that seeks to reverse the burden of proof – just as in *Jacobs Chuck*.

In contrast, Amazon is seeking a deposition regarding an issue on which Parallel indisputably has the burden of proof, infringement. Thus, it is appropriate for Amazon to rely on *Jacobs Chuck* regarding its non-infringement position. And, nothing in *Jacobs Chuck* supports a plaintiff withholding discovery of its infringement contentions. Discovery of Parallel's contentions should move forward without delay.

As to Parallel's unilateral decision to provide "a very limited number" of corporate depositions, Parallel's position fails to recognize that Parallel decided to sue more than **120** defendants across four cases. It should have foreseen that it might have to subject its witnesses to multiple rounds of depositions (though the defendants across the cases are working to coordinate to reasonably streamline discovery). Beyond this, Amazon is differently situated than nearly all of the other defendants – this is Parallel's second bite at the apple with regard to Amazon. After filing two lawsuits against Amazon, and having Amazon's documents for more

than a year, it simply is unreasonable for Parallel to maintain that Amazon is not yet entitled to this critical discovery.

### III. CONCLUSION

For the reasons described above, Amazon respectfully requests that the Court order Parallel to identify a designee and, within five (5) business days, submit to Rule 30(b)(6) deposition on all topics identified by Amazon in its December 21, 2010 Notice.

Dated: February 18, 2011

Respectfully submitted,

**AMAZON.COM, INC.**

By its attorneys,

/s/ *Ruffin B. Cordell*
Ruffin B. Cordell (cordell@fr.com)
Texas Bar No. 04820550
Michael J. McKeon (mckeon@fr.com)
(*Admitted pro hac vice*)
Indranil Mukerji (mukerji@fr.com)
FISH & RICHARDSON PC
1425 K Street NW
Suite 1100
Washington D.C. 20005
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Stephen A. Marshall (smarshall@fr.com)
(*Admitted pro hac vice*)
FISH & RICHARDSON PC
One Marina Park Drive
Boston, MA 02210-1878
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on February 18, 2011 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ *Ruffin B. Cordell*
Ruffin B. Cordell

**CERTIFICATE OF CONFERENCE**

I hereby certify that lead counsel for Amazon met and conferred with counsel for Parallel regarding this motion on multiple occasions, that the parties were unable to resolve the disputes identified herein despite good faith efforts, and that Parallel opposes this motion. Counsel for the parties met and conferred by telephone on January 4, 2011 (Indranil Mukerji and Stephen Marshall for Amazon, and George Bosy and David Bennett for Plaintiff). Counsel for the parties also met and conferred by telephone on February 9, 2011 (Ruffin Cordell and Stephen Marshall for Amazon, and George Bosy, David Bennett, and Craig Tadlock for Plaintiff). Discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

/s/ *Ruffin B. Cordell*
Ruffin B. Cordell