# Exhibit 1

# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | |
|---|---|
| PARALLEL NETWORKS, LLC, | |
| Plaintiff/Counterclaim Defendant, | |
| v. | Civil Action No. 6:09-cv-154-LED |
| AMAZON.COM, INC., GOOGLE INC., and KAYAK SOFTWARE CORPORATION, | Hon. Leonard E. Davis |
| Defendants/Counterclaimants. | |

### DEFENDANTS' NOTICE OF
### RULE 30(B)(6) DEPOSITION OF
### PLAINTIFF PARALLEL NETWORKS, LLC

TO:   Parallel Networks, LLC
      c/o Arthur A. Gasey, Esq.
      NIRO, SCAVONE, HALLER & NIRO
      181 West Madison St., Suite 4600
      Chicago, Il 60602

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 30(b)(6) of the Federal Rules of

Civil Procedure, Amazon.com, Inc.; Google Inc.; and Kayak Software Corp. will take the

deposition on oral examination of Parallel Networks, LLC ("PN") by or through one or more of

its officers, directors, managing agents, or other persons who consent to testify on PN's behalf

concerning the matters identified in attached Schedule A.

The deposition will commence at 9:00 A.M. on October 29, 2009 at the offices of Fish &

Richardson P.C., 1717 Main Street, Suite 5000, Dallas, Texas 75201, and continue day-to-day

from that time and in that place until completed, or at such other time and place as may be

mutually agreed by counsel.

The deposition will be taken before a court reporter or other person authorized to administer oaths, will be conducted in accordance with the Federal Rules of Civil Procedure, may be recorded stenographically, and may be recorded using audio and/or visual means. Furthermore, the testimony may be transcribed and shown in real-time for attorneys physically present at the deposition.

You are invited to attend and cross-examine.


Dated:  October 15, 2009

**AMAZON.COM, INC.**
**GOOGLE INC.**
**KAYAK SOFTWARE CORP.**

By their attorneys,

*s/Indranil Mukerji*

_____

Ruffin B. Cordell
Indranil Mukerji
Andrew Daun
**FISH & RICHARDSON P.C.**
1425 K Street NW, Suite 1100
Washington, DC 20005
Tel: 202-783-5070
Fax: 202-783-2331

Neil J. McNabnay
Timothy K. Brown
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Tel: 214-747-5070
Fax: 214-747-2091

Stephen A. Marshall
**FISH & RICHARDSON P.C.**
225 Franklin Street
Boston, MA 02110
Tel:  617-542-5070
Fax:  617-542-8906

## SCHEDULE A

### Definitions

A.      "**PN**" shall mean and refer to Plaintiff Parallel Networks, LLC and all others acting for or on behalf of Parallel Networks, LLC, including without limitation, its current and former officers, directors, employees, attorneys, partners, corporate parent(s), subsidiaries, predecessors, successors, and/or affiliates, including without limitation, epicRealm Operating, Inc.

B.      "**Present Lawsuit**" shall mean and refer to the instant action, Civil Action No. 6:09-cv-154 (LED) pending before the United States District Court for the Eastern District of Texas.

C.      "**The '111 patent**" shall mean and refer to U.S. Patent No. 6,446,111, the patent asserted in the Present Lawsuit.

D.      "**Amazon**" shall mean and refer to Amazon.com, Inc.

E.      "**Google**" shall mean and refer to Google Inc.

F.      "**Kayak**" shall mean and refer to Kayak Software Corp.

G.      "**Defendants"** shall mean Amazon, Google, and Kayak, collectively.

H.      "**Accused Product List**" shall mean and refer to the document titled "Plaintiff's Identification of Accused Instrumentality," e-mailed to Defendants' attorneys on August 14, 2009.

I.      "**Infringement Contentions**" shall mean and refer to the document titled "Plaintiff's Disclosure of Asserted Claims and Contentions," e-mailed to Defendants' attorneys on October 5, 2009, including all attachments thereto (including any hardcopy attachments sent by mail).

J.      "**Accused Amazon Technology**" shall mean and refer to all products, services, web sites, and technologies allegedly created by, licensed by, used by, or otherwise originating from, Amazon that PN accuses of directly or indirectly infringing any claim of the '111 patent, or of being used by any customer of Amazon in constructing or operating an allegedly infringing system, including without limitation, all products, services, web sites, and technologies identified or referred to in purported relation to Amazon in PN's Accused Product List and/or in PN's Infringement Contentions.

K.      "**Accused Google Technology**" shall mean and refer to all products, services, web sites, and technologies allegedly created by, licensed by, used by, or otherwise originating from, Google that PN accuses of directly or indirectly infringing any claim of the '111 patent, or of being used by any customer of Google in constructing or operating an allegedly infringing

system, including without limitation, all products, services, web sites, and technologies identified or referred to in purported relation to Google in PN's Accused Product List and/or in PN's Infringement Contentions.

L.      "**Accused Kayak Technology**" shall mean and refer to all products, services, web sites, and technologies allegedly created by, licensed by, used by, or otherwise originating from, Kayak that PN accuses of directly or indirectly infringing any claim of the '111 patent, or of being used by any customer of Kayak in constructing or operating an allegedly infringing system, including without limitation, all products, services, web sites, and technologies identified or referred to in purported relation to Kayak in PN's Accused Product List and/or in PN's Infringement Contentions.

(Topics for Deposition on next page)

<u>Topics For Deposition</u>

1.  The complete basis and foundation for PN's contentions that Defendants infringe, directly or indirectly, literally or under the doctrine of equivalents, any asserted claim of the '111 patent, through the manufacture, use, offer for sale, sale, and/or importation of their respective accused technologies (Amazon Technology, Google Technology, and Kayak  Technology) or otherwise, and any documents or things related thereto.

2.  PN's Accused Product List and PN's Infringement Contentions, the complete basis and foundation therefor, and any documents or things related thereto.

3.  PN's understanding of the specific identity, structure, operation, architecture, and function of each accused technology (Amazon Technology, Google technology, and Kayak Technology) which PN contends allegedly infringes any asserted claim of the '111 patent.

4.  PN's pre-filing factual investigation as to each of the Defendants' alleged infringement of the '111 patent, including without limitation, any accused technology (Amazon Technology, Google Technology, and Kayak Technology) tested by PN before accusing the Defendants of infringement, the circumstances and results of any such  tests, and any documents or things related thereto.

5.  PN's contention as to whether each of the Defendants' accused technologies (Amazon Technology, Google Technology, and Kayak Technology), alone or in combination, practices each and every limitation of the asserted claims of the '111 patent, the basis and foundation therefore, and any documents or things related thereto.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 15, 2009 true and correct copies of the foregoing **DEFENDANTS' NOTICE OF RULE 30(B)(6) DEPOSITION OF PLAINTIFF PARALLEL NETWORKS, LLC** (including any attachments) were sent by electronic mail to the following recipients who are deemed to have consented to electronic service:

Thomas John Ward, Jr.
jw@jwfirm.com
**WARD & SMITH LAW FIRM**
PO Box 1231
Longview, TX 75606-1231

Raymond P. Niro
niro@nshn.com
Arthur A. Gasey
gasey@nshn.com
Brian E. Haan
bhaan@nshn.com
Douglas M. Hall
dhall@nshn.com
**NIRO, SCAVONE, HALLER & NIRO**
181 West Madison St., Suite 4600
Chicago, Il 60602

*s/ Indranil Mukerji*
_____