# Exhibit 2

Case 6:10-cv-00111-LED   Document 325-2   Filed 02/18/11   Page 1 of 20

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| Parallel Networks, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>Abercrombie & Fitch Co, et al.<br><br>    Defendants | No. 6:10-cv-00111-LED<br><br>Jury Trial Demanded |

### PLAINTIFF'S DISCLOSURE OF ASSERTED CLAIMS AND CONTENTIONS

Pursuant to P.R. 3-1 and 3-2, and agreement of the parties, Plaintiff Parallel Networks, LLC ("Parallel Networks") identifies the following list of Accused Instrumentalities and provides the accompanying preliminary infringement contentions.  Parallel Networks' investigation of the matters disclosed is ongoing and the following disclosures are based solely upon the information publicly available to Parallel Networks at this time.  The defendants have not yet provided any documents or other information in discovery.  Parallel Networks reserves the right to supplement or modify these disclosures as new information, through discovery or other investigation, becomes available consistent with the Patent Rules and the orders of this Court.  The patent at issue is U.S. Patent No. 6,446,111 ("the '111 patent").  Parallel Networks owns all right, title and interest in the '111 patent.

**Local Patent Rule 3-1: Disclosure of Asserted Claims and Preliminary Infringement Contentions.**

**(a)      An identification of each claim of each patent in suit that is allegedly infringed by each opposing party;**

Abercrombie & Fitch Co. ("Abercrombie") is alleged to directly infringe, pursuant to 35 U.S.C. § 271(a), at least claims 1-2, 5-6, 10-11, 13-15, 17, 19, 22-23, and 26 of the '111 patent.

1

Abercrombie is also alleged to indirectly infringe, pursuant to 35 U.S.C. § 271(b) and (c), at least claims 1-2, 5-6, 10-11, 13-15, 17, 19, 22-23 and 26 of the '111 patent by actively inducing the use of the Abercrombie's Accused Instrumentalities identified in the table below, and by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use. Abercrombie knew or should have known that through its acts it was and is inducing infringement of the '111 patent. Abercrombie is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use. Abercrombie is a direct and indirect infringer, and its clients using Abercrombie's Accused Instrumentality are direct infringers.

Amazon.com, Inc. ("Amazon") is alleged to directly infringe, pursuant to 35 U.S.C. § 271(a), at least claims 1-2, 5-6, 10-11, 13-15, 17, 19, 22-23, and 26 of the '111 patent. Amazon is also alleged to indirectly infringe, pursuant to 35 U.S.C. § 271(b) and (c), at least claims 1-2, 5-6, 10-11, 13-15, 17, 19, 22-23 and 26 of the '111 patent by actively inducing the use of Amazon's Accused Instrumentalities identified in the table below, and by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use. Amazon knew or should have known that through its acts it was and is inducing infringement of the '111 patent. Amazon is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of

commerce suitable for substantially noninfringing use. Amazon is a direct and indirect infringer, and its clients using Amazon's Accused Instrumentality are direct infringers.

Blockbuster, Inc. ("Blockbuster") is alleged to directly infringe, pursuant to 35 U.S.C. § 271(a), at least claims 1-2, 5-6, 10, 14-15, 17, 22-23, and 26 of the '111 patent. Blockbuster is also alleged to indirectly infringe, pursuant to 35 U.S.C. § 271(b) and (c), at least claims 1-2, 5-6, 10, 14-15, 17, 22-23, and 26 of the '111 patent by actively inducing the use of Blockbuster's Accused Instrumentalities identified in the table below, and by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use. Blockbuster knew or should have known that through its acts it was and is inducing infringement of the '111 patent. Blockbuster is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use. Blockbuster is a direct and indirect infringer, and its clients using Blockbuster's Accused Instrumentality are direct infringers.

Dell, Inc. ("Dell") is alleged to directly infringe, pursuant to 35 U.S.C. § 271(a), at least claims 1-2, 5-6, 10-11, 13-15, 17, 19, 22-23, and 26 of the '111 patent. Dell is also alleged to indirectly infringe, pursuant to 35 U.S.C. § 271(b) and (c), at least claims 1-2, 5-6, 10-11, 13-15, 17, 19, 22-23 and 26 of the '111 patent by actively inducing the use of the Dell's Accused Instrumentalities identified in the table below, and by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use. Dell knew or should have known that through its acts it was and is inducing infringement of the '111 patent. Dell is and has been committing the act of contributory infringement by intending

**(b)** **An identification, separately for each asserted claim, of each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware.**

The Accused Instrumentalities are identified below in conjunction with the accompanying preliminary infringement contentions:

| Party | Accused Instrumentality |
|---|---|
| Abercrombie & Fitch Co. | • Systems and methods used to operate www.abercrombie.com (including any subdomains)<br><br>• JavaScript Applets present on www.abercrombie.com (including any subdomains) pages, including JavaScript Applet 'product_functions.js' |
| Amazon.com, Inc. | • Systems and methods used to operate www.amazon.com (including any subdomains)<br><br>• Numerous JavaScript Applets present on www.amazon.com (including subdomains) pages, including without limitation Today's Recommendations for You (including 'Shoveler' and 'Popover' JavaScript applet) and Wish list<br><br>• Alexa.com "Graph Widget"<br><br>• A9.com |
| Blockbuster, Inc. | • Systems and methods used to operate www.blockbuster.com (including any subdomains)<br><br>• JavaScript Applets present on www.blockbuster.com (including any subdomains) pages, including without limitation JavaScript Applet, 'compressed.js' |
| Dell Inc. | • Systems and methods used to operate www.dell.com (including any subdomains)<br><br>• JavaScript Applets present on www.dell.com (including any subdomains) pages |

| Party | Accused Instrumentality |
|---|---|
| | 201004140154.js' |

Based on the information presently available to Parallel Networks, Defendants infringe the '111 patent using instrumentalities, as well as through the subsequently released or other reasonably similar products and services via their respective internet websites which include functionalities/applets for: (1) web development techniques used on the client side to create interactive web applications or rich internet applications; or (2) web technologies used to implement a web application that communicates with a server in the background, without interfering with the current state of the web page. Parallel Networks reserves the right to add or modify the identification of the Accused Instrumentalities with additional infringing systems and methods as discovery is made available by the defendants.

> **(c)** **A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;**

Parallel Networks' preliminary infringement contentions for the asserted claims are submitted herewith. There are no terms using "means" in the asserted claims, and thus Parallel Networks does not believe that any of the asserted claim terms are governed by 35 U.S.C. § 112(6). The Accused Instrumentalities all employ the defendants' software and hardware including, but not limited to source code, processors, and memory. Parallel Networks does not have access to much of defendants' hardware and software and thus references in the preliminary infringement contentions are as specific as possible based upon publically available information. The preliminary infringement contentions will be supplemented as appropriate after Parallel Networks has had an opportunity to receive and review discovery provided by the defendants.

> **(d)     Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;**

As presently advised, and as set forth in the enclosed claim charts, Parallel Networks submits that each of the asserted claims is literally infringed by the Accused Instrumentalities under Parallel Networks' proposed claim constructions. However, Parallel Networks also asserts that there is infringement under the doctrine of equivalents in the event that the Court were to adopt any other presently anticipated claim construction, because any element not literally present would be at most insubstantially different from the claims as properly construed.

> **(e)     For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and**

The effective filing date as to which each claim of the patent-in-suit is entitled as a constructive reduction to practice is June 18, 1999.

> **(f)     If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.**

Parallel Networks does not intend to rely on the assertion that its own apparatus, product, device, process, method, act, system, or other instrumentality practices the claimed invention.

**Local Patent Rule 3-2.  Document Production Accompanying Disclosure.**

With the "Disclosure of Asserted Claims and Preliminary Infringement Contentions," Parallel Networks must produce to each opposing party or make available for inspection and copying:

> **(a)     Documents (*e.g.*, contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for the patent in suit. A party's production of a document as required herein shall**

> **not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102;**

None presently known. *See, e.g.*, documents produced pursuant to P.R. 3-2(b).

**(b)     All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant to P. R. 3-1(e), whichever is earlier;**

The effective filing date as to which each claim of the patent-in-suit is entitled as a constructive reduction to practice is June 18, 1999. Accordingly, Parallel Networks is entitled to at least a constructive reduction to practice date of June 18, 1999. Currently, Parallel Networks contends that the date of invention is at least as early as June 22, 1998 as evidenced in a memorandum entitled "Dynamic Java Rationale" authored by Keith Lowery and dated June 22, 1998. This memorandum and further relevant documents are produced herewith on an outside attorneys' eyes only basis. Furthermore, Parallel Networks submits that there are additional privileged documents (*e.g.*, correspondence with its patent counsel in preparation of filing the patent application for the patent in suit) that bear on this issue but are being withheld at this time on the grounds of attorney client privilege. Parallel Networks reserves the right to supplement this response.

**(c)     A copy of the file history for each patent in suit.**

A copy of the file history for the '111 patent is produced herewith.

Dated: September 13, 2010

Respectfully submitted,

By: /s/ David R. Bennett
Andrew W. Spangler
State Bar No. 24041960
Spangler Law P.C.
208 N. Green St., Suite 300
Longview, TX 75601
Telephone: (903) 753-9300

Facsimile: (903) 553-0403
Email:spangler@spanglerlawpc.com

George S. Bosy (*pro hac vice*)
David R. Bennett (*pro hac vice*)
Bosy & Bennett
300 N. LaSalle Street, 49th Floor
Chicago, IL 60654
Telephone: (312) 803-0437
Email: gbosy@bosybennett.com
        dbennett@bosybennett.com


ATTORNEYS FOR PLAINTIFF
PARALLEL NETWORKS, LLC

**INFRINGEMENT OF LOWERY US PATENT 6,446,111**

**BY DEFENDANT AMAZON**

The following Amazon instrumentalities (collectively "the Accused Instrumentalities") infringe:

1. JavaScript applets present on www.amazon.com pages.
2. "Today's Recommendations For You" (including 'Shoveler' and 'Popover' JavaScript applet)
3. "Wish List"
4. Alexa.com "Graph Widget"
5. A9.com

All these systems include the use of downloadable JavaScript applets to provide dynamically generated applets in response to a client request. While different versions of the defendant's products include different versions of such applets, the software structure and functionality of the software components discussed below is not materially different (changes, if any, relate to the aspects which are dynamically generated) in the areas of this analysis for the examined versions. The following analysis applies to all of the above products.

The following claim charts provide non-limiting contentions and examples demonstrating the manner in which the accused systems and methods meet the limitations of the asserted claims.  The contentions and examples set forth for a particular claim limitation are not limited in application to that particular claim limitation and should be understood to apply to other claim limitations and other claims to which similar contentions and examples are provided.  In addition, specific examples of products or services are intended to apply to other products or services on the Accused Instrumentality.

In support of these infringement contentions are source code (attached as Amazon Exhibit 1).

| Claim 1 | Infringement Analysis |
|---|---|
| A data processing system comprising: | The preamble does not function as a claim limitation. In any event, the preamble is met by the Accused Instrumentalities.<br><br>Systems that run the Accused Instrumentalities perform a method involving systematic processing of data. |
| a server coupled to a communications link and operable to receive a request from a client device | The Accused Instrumentalities meet this limitation.<br><br>The Accused Instrumentalities include a website, such as http://www.amazon.com, that is hosted on a "Web Server" or "Web Servers." Web servers are software, or machines having software, that are coupled to a communications link (*e.g.*, the Internet) and can receive Web page requests from a client device (*e.g.*, a computer). |
| and to collect a plurality of data items wherein the data items comprise specific information collected as a function of the request | The Accused Instrumentalities meet this limitation.<br><br>The Web page returned by the Accused Instrumentalities contains numerous data specific to the user, such as user identity, login status, other related or linked users, recent activities and more. Further data, such as recommendations for the user, are by definition specific to the Web page request. |
| an executable applet dynamically generated by the server in response to the request | The Accused Instrumentalities meet this limitation.<br><br>The Web page returned by the Accused Instrumentalities contains one, or more than one, applets encoded in the JavaScript scripting language and suitable for execution on the client. One, or more than one, of these applets include data items specifically related to the client request.<br><br>For example, the 'Shoveler' JavaScript applet beginning at Line 3208 in Amazon Exhibit 1 comprises executable code which includes data and structures, such as retail items recommended for the user, defined by data stored in a user profile on the server. |
| a constituent system associated | The Accused Instrumentalities meet this limitation. |

| Claim 1 | Infringement Analysis |
|---|---|
| with the applet comprising a subset of the data items | One or more of the executable applets included in the Web page include data retrieved as a function of the request.<br><br>For example, the 'Shoveler' JavaScript applet identified beginning at Line 3208 of Amazon Exhibit 1 defines a subset of recommended items for display and browsing, from the larger set of data items collected as a function of the request |
| each data item in the subset used as at least one pre-loaded value in the applet | The Accused Instrumentalities meet this limitation.<br><br>One or more of the executable applets included in the Web page include pre-loaded data items utilizing data from a subset of the data collected as a function of the request.<br><br>For example, the 'Shoveler' JavaScript applet pre-loads the data items related to the recommended retail items into a set of variable, as in the shvl.asinData statements beginning on Line 3244 of Amazon Exhibit 1. |
| a further constituent system associated with the applet comprising a data interface capability configured to provide a plurality of operations on the pre-loaded values | The Accused Instrumentalities meet this limitation.<br><br>One or more of the executable applets included in the Web page provide operations on the pre-loaded values.<br><br>For example, the 'Shoveler' JavaScript applet allows the Web page user to navigate and view different retail items by right/left browsing, without refreshing the Web page, and further allows the Web page user to view additional information on an item of interest by rendering a 'popover' screen with further of the data items associated with a selected retail item. |
| the operations comprising operations associated with the subset of the data items; | The Accused Instrumentalities meets this limitation.<br><br>One or more of the executable applets included in the Web page provides operations associated with one or more subsets of the data items. |

| Claim 1 | Infringement Analysis |
|---|---|
| | For example, the 'Shoveler' JavaScript applet operations such as refreshless browsing and popover are operable only in relation to the recommended retail items subset |
| and the applet operable to be transferred over the communications link to the client device. | The Accused Instrumentalities meet this limitation.<br><br>The executable applets included in the Web page are transferred over the communications link to the client device.<br><br>For example, the 'Shoveler' JavaScript applet, including pre-loaded data values and the constituent system providing data interface capability, is transferred over the communications link to the client device. |

| Claim 2 | Infringement Analysis |
|---|---|
| 2. A data processing system according to claim 1, wherein the pre-loaded values are non-updateable. | The Accused Instrumentalities meet this limitation.<br><br>One or more of the executable applets included in the Web page includes pre-loaded values which are non-updateable.<br><br>For example, the 'cloud' JavaScript applet which begins at Line 6580 of Amazon Exhibit 1 includes a set of recommended category values, pre-loaded into the applet based on the data request. These pre-loaded values are non-updateable. |

| Claim 5 | Infringement Analysis |
|---|---|
| 5. A data processing system according to claim 1, wherein the communications link comprises a wireless communications link. | The Accused Instrumentalities meet this limitation. The above requested web page has been accessed using a wireless communication link, namely "Wi-Fi", which is commonly used to provide wireless communication at home and business locations to provide access to the Internet and, therefore, the Accused Instrumentality. Similarly, the Accused Instrumentality is accessible using other wireless communication links, such as cellular phone networks like "Edge", "3G" and "WiMAX" operated by numerous well-known service providers. |

| Claim 6 | Infringement Analysis |
|---|---|
| 6. A data processing system according to claim 5, wherein the wireless communications link comprises a cellular phone network. | The Accused Instrumentalities meet this limitation. The Accused Instrumentality is accessible using other wireless communication links, such as cellular phone networks like "Edge", "3G" and "WiMAX" operated by numerous well-known service providers. |

| Claim 10 | Infringement Analysis |
|---|---|
| 10. A data processing system according to claim 1, wherein the applet further comprises a plurality of updateable elements and wherein the pre-loaded values are non-updateable. | The Accused Instrumentalities meet this limitation.<br><br>One or more of the executable applets included in the Web page includes pre-loaded values which are non-updateable.<br><br>For example, the 'cloud' Javascript applet which begins at Line 6580 of Amazon Exhibit 1 includes a set of recommended category values and counts of items recommended in this category, pre-loaded into the applet based on the data request. These pre-loaded values are non-updateable. |

| Claim 11 | Infringement Analysis |
|---|---|
| 11. A data processing system according to claim 10, wherein the updateable elements are initialized during the generation of the applet based on a further subset of the data items. | The Accused Instrumentalities meet this limitation.<br><br>One or more of the executable applets included in the Web page include updateable elements not pre-loaded, with pre-loaded values which are themselves non-updateable.<br><br>For example, the 'shvl-cloud-popover' JavaScript applet which begins at Line 6580 of Amazon Exhibit 1, includes values for display font for each item included in the cloud display. The size of the font is initialized and set based on the relative proportion of items for that category within the set of recommendations specific to the user. For example, "Bartoli, Cecilia" is set to a font size of 1.24, based on the 17 related items recommended for this user. |

| Claim 14 | Infringement Analysis |
|---|---|
| 14. A data processing system according to claim 1, wherein a further constituent system associated with the applet includes a data interface capability configured to provide a plurality of operations on the pre-loaded values to the client device, the operations comprising operations specific to the subset of the data items. | The Accused Instrumentalities meet this limitation.<br><br>One or more of the executable applets included in the Web page include a data interface capability providing operations on the pre-loaded values.<br><br>For example, the 'popover' JavaScript applet which begins at Line 6580 of the Amazon Exhibit 1 includes updateable elements related to each recommended retail item, such as "I own it" and "Not interested" fields, as well as a "Ratings" field. The pre-loaded values, such as the title, format, price and other data are non-updateable |

| Claim 15 | Infringement Analysis |
|---|---|
| 15. A data processing system according to claim 14, wherein the capability further comprises substantially all functionality required by the pre-loaded values. | The Accused Instrumentalities meet this limitation.<br><br>One or more of the executable applets included in the Web page include a data interface capability providing operations to alter the pre-loaded values to substantially all of their possible states.<br><br>For example, the 'popover' JavaScript applet which begins at Line 6580 of Amazon Exhibit 1 includes updateable elements related to the user Rating of each recommended retail item. Based on Amazon's 1-to-5 star ratings system, the applet provides the user with the complete functionality to add their 1-to-5 rating to the existing pre-loaded values. |

| Claim 17 | Infringement Analysis |
|---|---|
| 17. A method of processing data comprising | The preamble does not function as a claim limitation. In any event, the preamble is met by the Accused Instrumentalities. |
| receiving a data request from a client device at a server system over a communications link; | The Accused Instrumentalities meet this limitation.<br><br>The Accused Instrumentalities include a website, such as http://www.amazon.com, that is hosted on a "Web Server" or "Web Servers." Web servers are software, or machines having software, that are coupled to a communications link (*e.g.*, the Internet) and can receive Web page requests from a client device (*e.g.*, a computer). |
| collecting on the server a plurality of data items in response to the data request; | The Accused Instrumentalities meet this limitation.<br><br>As above, the Web page returned by the Accused Instrumentalities contains numerous data specific to the user, such as user identity, login status, other related or linked users, recent activities and more. Further data, such as status messages and updates, are by definition specific to the Web page request. |
| generating an executable applet dynamically in response to the data request, | The Accused Instrumentalities meet this limitation.<br><br>The Web page returned by the Accused Instrumentalities contains one, or more than one, applets encoded in the JavaScript scripting language and suitable for execution on the client. One, or more than one, of these applets include data items specifically related to the client request.<br><br>For example, the 'Shoveler' JavaScript applet beginning at Line 3208 in Amazon Exhibit 1 comprises executable code which includes data and structures, such as retail items recommended for the user, defined by data stored in a user profile on the server. |
| a constituent system associated with the applet including a subset of the data items therein as pre- | The Accused Instrumentalities meets this limitation.<br><br>One or more of the executable applets included in the Web page include data retrieved as a function of the request. |

| Claim 17 | Infringement Analysis |
|---|---|
| loaded values; | For example, the 'Shoveler' JavaScript applet includes a set of fields containing the subset of data related to recommended retail items. |
| wherein a further constituent system associated with the executable applet comprises a data interface capability configured to provide a plurality of operations on the pre-loaded values, the operations comprising operations associated with the subset of the data items; | The Accused Instrumentalities meet this limitation.<br><br>One or more of the executable applets included in the Web page provide operations on the pre-loaded values.<br><br>For example, the 'Shoveler' JavaScript applet identified beginning at Line 3208 defines a subset of recommended items for display and browsing, from the larger set of data items collected as a function of the request. |
| and transferring the applet to the client device. | The Accused Instrumentalities meet this limitation.<br><br>The executable applets included in the Web page are transferred over the communications link to the client device.<br><br>For example, the 'Shoveler' JavaScript applet, including pre-loaded data values and the constituent system providing data interface capability, is transferred over the communications link to the client device. |

| Claim 19 | Infringement Analysis |
|---|---|
| 19. A method of processing data according to claim 17, wherein the applet further comprises a plurality of updateable elements, wherein the pre-loaded values are non-updateable, and wherein generating an executable application further comprises initializing the updateable elements based on a further subset of the data items. | The Accused Instrumentalities meet this limitation.<br><br>One or more of the executable applets included in the Web page include updateable elements without pre-loaded values, and other elements with pre-loaded values which are themselves non-updateable.<br><br>For example, the 'popover' JavaScript applet includes pre-loaded values which are non-updateable, such as the current count of user reviews for the item and the current average of user ratings for the item, initialized from existing data. This same applet provides a plurality of updateable elements, such as the addition of a rating score by the current user. |

| Claim 22 | Infringement Analysis |
|---|---|
| 22. A method of processing data according to claim 17, wherein the communications link comprises a wireless link. | The Accused Instrumentalities meet this limitation.<br><br>The above requested web page has been accessed using a wireless communication link, namely "Wi-Fi", which is commonly used to provide wireless communication at home and business locations to provide access to the Internet and, therefore, the Accused Instrumentality. Similarly, the Accused Instrumentality is accessible using other wireless communication links, such as cellular phone networks like "Edge", "3G" and "WiMAX" operated by numerous well-known service providers. |

| Claim 26 | Infringement Analysis |
|---|---|
| 26. A method according to claim 17, wherein the pre-loaded values are non-updateable. | The Accused Instrumentalities meet this limitation.<br><br>One or more of the executable applets included in the Web page include non-updateable elements with pre-loaded values.<br><br>For example, the 'cloud' JavaScript applet is included on the page based on the user ID and history related to the specific Web page request. The categories returned in this applet are pre-loaded but non-updateable. |