# Exhibit 5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **MYMAIL, LTD** § | | |
| § | | |
| **Plaintiff** § | | |
| § | | |
| vs. § | CASE NO. 6:04 - CV - 189 | |
| § | | |
| **AMERICA ONLINE, INC., AT&T CORP.,** § | | |
| **NETZERO, INC., JUNO ONLINE SERVICES,** § | | |
| **INC., NETBRANDS, INC., EARTHLINK, INC.,** § | | |
| **and SBC COMMUNICATIONS, INC.** § | | |
| § | | |
| **Defendants** § | | |

**ORDER**

Before the Court is Plaintiff MyMail, Ltd.'s Motion for a Protective Order and Memorandum in Support Thereof (Docket No. 105) and AOL's Combined Emergency Motion to Compel, Response in Opposition to MyMail's Motion for a Protective Order, and Memorandum in Support Thereof (Docket No. 106), as well as the parties' related responses and replies. Having considered the parties' written submissions, the Court **DENIES** MyMail's Motion for a Protective Order and **GRANTS** AOL's Motion to Compel.

AOL sought to depose a MyMail representative on six broad deposition topics. Of these six topics, MyMail objected to and sought protection from the Court on four topics. MyMail does not seek to prevent AOL from ever deposing a MyMail representative on these topics, but instead seeks to delay that deposition until discovery is substantially completed. Thus, MyMail apparently acknowledges that the proposed topics are relevant and discoverable, but claims discovery on those topics is "premature" and "untimely." AOL seeks to compel MyMail to produce a deposition witness on these four topics.

1

In its motion, MyMail quoted the Court's opinion in *STMicroelectronics, Inc. v. Motorola, Inc.* to describe the preliminary infringement contentions it served on AOL. 308 F. Supp. 2d 754, 755 (E.D. Tex. 2004) ("particular theories of infringement with sufficient specificity to provide defendants with notice of infringement beyond that which is provided by the language of the patent rules themselves . . . ."). The Court finds the very next paragraph of its opinion much more applicable to the current situation:

> Second, the Court notes that it adheres to, as the Federal Rules of Civil Procedure contemplate, a policy of liberal discovery. Where something is not discoverable due to a claim of privilege, relevance, or other legal principle, the Court will allow a party to withhold that thing. However, in marginal cases the Court will generally favor discovery. In any case the Court will not tolerate gamesmanship that attempts to conceal or delay the production of discoverable items.

*Id.* at 756. Accordingly, MyMail should have realized from a careful reading of *STMicroelectronics* that all discoverable material should always be produced without delay. Material is discoverable if it is "relevant to the claim or defense of any party . . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). Because the information AOL seeks is relevant, it is discoverable.[1]

Information is discoverable as soon as it becomes relevant; parties do not have authority to determine when information will be disclosed. "Unless the court . . . orders otherwise, methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, does not operate to delay any other party's discovery." FED. R. CIV. P. 26(d). AOL is represented by competent counsel who understand that seeking depositions too early

---

[1] MyMail acknowledges the relevance of these discovery topics, "AOL is really trying to divine evidence relating to AOL invalidity case."

may result in the witness being unable to answer all questions asked.[2] Given the Court's policy of liberal, open, and forthright discovery, the Court is unwilling to create a rule in patent cases that a patentee may not be deposed until discovery is nearly complete.

The Court disagrees with MyMail's argument that AOL is attempting to force MyMail to disclose its final infringement contentions. AOL seeks to depose a MyMail representative on "[t]he basis and foundation for MyMail's contention that AOL infringes any claim of the '290 patent." Pursuant to Patent Rule 3-6, MyMail's Preliminary Infringement Contentions will be deemed to be MyMail's Final Infringement Contentions unless MyMail amends its Preliminary Contentions in accordance with Patent Rule 3-6. Only the Court, not the parties, has the authority to alter the Patent Rules and limit a party's ability to amend its Preliminary Infringement Contentions.

In the future, the Court encourages all parties to heed the Court's warning in *STMicroelectronics*, "[T]he Court will not tolerate gamesmanship that attempts to conceal or delay the production of discoverable items." *STMicroelectronics*, 308 F. Supp. 2d at 756.

For the reasons given above, the Court **DENIES** MyMail's Motion for a Protective Order and **GRANTS** AOL's Motion to Compel.

**So ORDERED and SIGNED this 28th day of September, 2004.**



_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**

---

[2] Federal Rule of Civil Procedure 30(a)(2)(B), requires a party to seek the Court's leave before deposing a witness for the second time. FED. R. CIV. P. 30(a)(2)(B). The Court recognizes that AOL has deposed a MyMail witness on the undisputed topics, and should AOL seek to depose that same witness on the topics at issue here, the Court hereby grants leave to do so. The Court fully expects any corporate-representative deposition witness to be as prepared as possible for a deposition and that the witness will not use the lack of discovery as an excuse to avoid answering questions that are within that witness's knowledge.