**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| PARALLEL NETWORKS, LLC, | |
| Plaintiff, | No. 6:10-cv-00111-LED |
| v. | Jury Trial Demanded |
| ABERCROMBIE & FITCH CO., *et al.*, | |
| Defendants. | |

**PARALLEL NETWORKS'S OPPOSITION TO
AMAZON'S MOTION TO COMPEL**

Parallel Networks hereby opposes Amazon's motion to compel the Rule 30(b)(6)

contention deposition directed to Parallel Networks (D.I. 325, "Amazon's motion").  Amazon's

motion is unsupported for several reasons but most importantly in that it violates Amazon's own

agreement with Parallel Networks to defer all contention discovery until after a *Markman*

decision.  For that reason and those additional reasons discussed below, Amazon's motion

should be denied and indeed should never have been brought.  In support of this opposition,

Parallel Networks relies on Amazon's previously submitted Exhibits 1-6, and Parallel

Networks's presently submitted Exhibits 7-8.

**I.      NATURE AND STAGE OF THE PROCEEDINGS**

This action, No. 6:10-cv-111-LED (the "-111 action"), was brought on March 29, 2010

by Parallel Networks and is a patent infringement action involving one United States Patent, No.

6,446,111 (the "'111 patent").  Parallel Networks served its preliminary infringement contentions

with respect to Amazon on September 13, 2010, comprising 562 pages.  (Exhibit 7.)  Amazon

has not brought a motion asserting the insufficiency of Parallel Networks's preliminary

infringement contentions, nor has Amazon asked Parallel Networks to supplement its preliminary infringement contentions.

Later, additional patent infringement actions were filed by Parallel Networks charging the defendants with infringement of the '111 patent (6:10-cv-112, 6:10-cv-275 and 6:10-cv-491), and those actions were coordinated by order of the Court (D.I. 308).  The parties then submitted Discovery and Docket Control Orders for the Court's consideration in each coordinated action, including the -111 action.  The Court has not yet acted on these Orders, for the reasons discussed below.  The defendants in three of the consolidated actions have not yet produced documents and no depositions have been taken in any action.

Recently, on March 1, 2011, the Court held a status hearing in the four coordinated actions.  At the hearing, the defendants—including Amazon—proposed an initial procedure whereby the Court would initially decide the defendants' noninfringement positions.  During that hearing, no defendant—including Amazon—contended that Parallel Networks's preliminary infringement contentions were in any way deficient, nor did Amazon contend that it was not in possession of sufficient information to defend itself.  Rather, on the contrary, all defendants were clear in asserting that they were in possession of full and sufficient evidence with regard to Parallel Networks's preliminary infringement contentions to defend themselves on the infringement issue.  At the end of the hearing, the Court directed the parties to further explore the various issues raised with respect to defendants' proposed initial procedure and to report back to the Court.  For that reason, the Court therefore deferred entry of the Discovery and Docket Control Orders with respect to all four actions.

## II.   ARGUMENT

Amazon's motion should be denied for the following reasons:

1.     The fatal flaw in Amazon's motion is Amazon's failure to recognize that Amazon itself proposed to defer all contention discovery until after a *Markman* decision, and that Parallel Networks agreed to Amazon's proposal.  (Exhibit 4 at 1.)  In the first instance, Amazon of course does not dispute that at issue here is "contention" discovery, not fact discovery.  (Exhibit 4 at 1; Amazon's motion at 3.)  Nor does Amazon dispute that it proposed that the parties defer contention discovery until after a *Markman* decision.  On that issue, in response to Parallel Networks's interrogatories, Amazon unequivocally stated (and Parallel Networks agreed):

> Amazon objects to this interrogatory as premature until the Court issues a claim construction in this lawsuit.  A requirement that a party provide contentions of this sort early in the litigation is in tension with the established time frames for declaring claim construction positions provided by the Patent Rules.  *See, e.g., Jacobs Chuck Mfg. Co. v. Shandong Weida Mach.*, No. 2:05-cv-00185 (E.D. Tex. Aug. 18, 2006) (order denying motion to compel response to contention interrogatory before claim construction (*enforced, Software Rights Archive, LLC v. Google Inc.*, No. 2:07-cv-00511 (E.D. Tex. May 26, 2010)).

(Amazon.com, Inc.'s Responses and Objections to Parallel Networks. LLC's First Set of Interrogatories (Nos. 1-13) at 8-9) (Exhibit 8).  Amazon asserts that the foregoing statement applies only as to issues on which Amazon does not have the burden of proof, *e.g.*, noninfringement.  That is not true for two reasons.  In making this one-way attempt to limit its agreement with Parallel Networks, Amazon wholly ignores that it asked for deferral of contention discovery with respect to ***all issues***, including those on which Amazon clearly and undisputedly has the burden of proof.  Thus, Amazon ignores that in its response to Parallel Networks's request for Amazon to explain why it is entitled to recover attorney's fees—***on which it has the burden of proof***—Amazon averred:

> Amazon also objects to this interrogatory as ***a premature contention interrogatory*** that has been filed before any documents or substantive discovery responses have been received by Parallel in this lawsuit.

(*Id*. at 17 (emphasis added).)  And yet again, on issues on which Amazon has the burden of proof, in a global omnibus statement with respect to all discovery (applicable to "each and every Interrogatory" (*id*. at 1)), Amazon clearly objected to all "premature" contention discovery without regard to burden of proof:

> Amazon objects to each Interrogatory to the extent that it is ***premature in seeking to discover contentions*** governed by the Rules of Practice for Patent Cases before the Eastern District of Texas.

(*Id*. at 1-2 (emphasis added).)  In addition, Amazon's counterclaims and interrogatory answers affirmatively state that "Amazon seeks a declaration of non-infringement as to" all accused instrumentalities, thus clearly more than a simple denial of Parallel Networks's infringement contentions on which Amazon has no burden.  (*Id*. at 9.)

2.     After receiving Amazon's proposal to defer contention discovery, Parallel Networks agreed with Amazon's proposal as outlined in its interrogatory response, in the interests of efficiency and convenience, thus postponing contention discovery until after a *Markman* decision.  (Exhibit 4 at 1.)  In the end, Amazon does not and cannot dispute that the agreement between Amazon and Parallel Networks to defer contention discovery until after a *Markman* decision is binding on Amazon.  Certainly, Amazon cites no authority that would allow it to renege on this agreement.  These facts alone call for the denial of Amazon's motion.

3.     Amazon falsely states that Parallel Networks "decided unilaterally that it will not provide a witness" in response to Amazon's Rule 30(b)(6) contention deposition notice.  (Amazon's motion at 1.)  There was obviously nothing unilateral about Parallel Networks's actions:  Parallel Networks's position was based on its ***agreement with Amazon*** to defer all contention depositions until a later date, an agreement ***proposed by Amazon itself***.  And, Parallel Networks has not refused to provide contention discovery as Amazon suggests.  Rather, in every conference call with Amazon on this issue, Parallel Networks stated unequivocally that the

4

requested designation of a contention discovery witness would be provided at a later date (*i.e.*, after a *Markman* decision)—as Amazon itself agreed was the most efficient way to proceed.

4.      Amazon falsely states that "Parallel Networks has cited no authority" in support of its position.  (*Id*. at 6.)  Amazon should know better given that the authorities relied on by Parallel Networks during the meet and confer sessions (and here) are ***Amazon's own authorities***. Amazon's attempt to now abandon these authorities that it once so whole-heartedly embraced in its interrogatory responses should be rejected.  *Software Rights*, Amazon's own case, where the Court deferred contention discovery until after *Markman*, is never even mentioned by Amazon in its motion.  And, Amazon's attempt to distinguish *Jacobs Chuck Mfg. Co. v. Shandong Weida Mach.*, another case that it once embraced, is baseless.  There, the Court held that:

> A requirement that a party provide contentions of this sort early on in the litigation is in tension with the established time frame for declaring claim construction positions as provided by the Patent Rules.

Case No. 2:05-cv-00185, slip op. at 1 (E.D. Tex. Aug. 18, 2006) (Exhibit 6).  The *Jacobs Chuck* Court specifically ruled that contention discovery in many circumstances in the interests of efficiency should not go forward until "after the court issues its claim construction ruling."  *Id*. at 2.  The circumstances that resulted in that ruling— circumstances fully embraced by Amazon— coupled here with Amazon's argument that contention discovery should be deferred is dispositive here.  In sum, Amazon's attempt to sweep away all of what it has said and done is inappropriate and should be rejected.

5.      Amazon gains nothing from the cited cases.  Certainly, Amazon cites no authorities supporting its present argument that it can now renege on its agreement with Parallel Networks, and none supports Amazon's newly minted "burden of proof" argument.  *My Mail, Ltd. v. America Online, Inc.*, Case No. 6:04-cv-189 (E.D. Tex. Sept. 28, 2004) (Exhibit 5), for example does not relate at all to a party's attempt to renege on its agreement concerning the

5

timing of discovery.  In *My Mail*, unlike here, the major issue had nothing to do with the timing of contention discovery, but rather with the timing of discovery as it relates to the serving of final infringement contentions.  (Exhibit 5 at 1, 2-3).  In addition, in *My Mail*, again unlike here, the party opposing discovery argued that a patentee may not be deposed "until discovery is nearly complete" (Exhibit 5 at 2-3), and the Court declined to adopt such an overarching rule for all cases.  Similarly, in *Garmin Ltd. v. TomTom, Inc.*, 2:06-cv-00338-LED (E.D. Tex. Oct. 3, 2007) (*citing STMicroelectronics*), the issue was the timing of discovery with respect to the serving of supplemental infringement contentions.  Slip op. at 15.  Again, that issue is not present here.  In *STMicroelectronics, Inc. v. Motorola, Inc.*, 308 F.Supp.2d 754 (E.D. Tex. 2004), also unlike here, at issue was a motion asserting the patentee's preliminary infringement contentions were insufficient with the requirements of Patent Rule 3-1 (a motion that was denied).  Here, Amazon has filed no such motion, nor has it even asked for a meet and confer with Parallel Networks with respect to Parallel Networks's preliminary infringement contentions.  Due to this failure, Amazon's request for discovery here boils down, as Amazon admits, to nothing but Amazon's attempt to learn how "Parallel Networks is reading the asserted claims."  (Amazon's motion at 6.)  Beyond Parallel Networks's preliminary infringement contentions, that discovery is inappropriate at this time:  the parties' disclosures of claim construction positions are not due until a later date, in accordance with the Proposed Orders submitted to the Court.  Finally, as noted above, at the March 1 hearing, Amazon made no contention that Parallel Networks's preliminary infringement contentions were in any way deficient, but rather argued to the contrary:  that Amazon like all of the defendants was entirely able and had sufficient information to defend itself by presenting its noninfringement contentions in the initial procedure that the defendants and Amazon proposed.

6.     Finally, Amazon's reliance on a previous action between Parallel Networks and Amazon is irrelevant and even worse misstates the facts relative to that now dismissed action. (Amazon's motion at 1-2.)  For example, Amazon falsely suggests that the prior action was dismissed because Parallel Networks's counsel believed that the action should not or could not be prosecuted.  (*Id*.)  Amazon's further suggestion that Parallel Networks's present counsel were in possession of Amazon's document production long ago is again not only irrelevant but also wrong.  Finally, Amazon's suggestion that the dismissal of the prior action was an attempt by Parallel Networks to avoid discovery is equally as false:  Amazon itself fully agreed with the dismissal.  In the end, Amazon's attempt to rely on an irrelevant prior proceeding and even worse to misrepresent the facts there establishes the weakness of its position *in this case* and certainly offers no justification for its attempt to renege on its own discovery agreement *in this action*.

## CONCLUSION

For the foregoing reasons, Amazon's motion should be denied.


Dated:  March 7, 2011                                    Respectfully submitted,

                                        By:  */s/ Charles Craig Tadlock*
                                             Charles Craig Tadlock
                                             Texas State Bar No. 00791766
                                             TADLOCK LAW FIRM
                                             400 E. Royal Lane, Suite 290
                                             Irving, Texas 75039
                                             214-785-6014 (phone)
                                             craig@tadlocklawfirm.com
                                              and
                                             315 N. Broadway, Suite 307
                                             Tyler, Texas 75702
                                             903-283-2758 (phone)

                                             George S. Bosy
                                             David R. Bennett
                                             Bosy & Bennett

300 N. La Salle St.
49th Floor
Chicago, IL 60654
Telephone: (312) 803-0437
Email: gbosy@bosybennett.com
      dbennett@bosybennett.com

ATTORNEYS FOR PLAINTIFF
PARALLEL NETWORKS, LLC

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 7th day of March, 2011, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

*/s/ Charles Craig Tadlock*
One of the Attorneys for Parallel Networks, LLC