# Exhibit 8

# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

PARALLEL NETWORKS, LLC

      Plaintiff,

      v.

ABERCROMBIE & FITCH CO., et al.,

      Defendants.

Civil Case No. 6:10-cv-111-LED

## AMAZON.COM, INC.'S RESPONSES AND OBJECTIONS TO
## PARALLEL NETWORKS, LLC'S FIRST SET OF INTERROGATORIES (NOS. 1-13)

For its responses and objections to Plaintiff Parallel Networks, LLC's ("Parallel") First Set of Interrogatories (Nos. 1-13), Defendant Amazon.com, Inc. ("Amazon") states as follows:

### GENERAL OBJECTIONS

The following objections apply to each and every Interrogatory propounded by Parallel. Amazon's responses are made without prejudice to any position as to admissibility at trial.

1.      Amazon objects to each Definition, Instruction, and Interrogatory to the extent that it imposes requirements that are inconsistent with or exceed those specified by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of Texas, and/or the Rules of Practice for Patent Cases before the Eastern District of Texas, and prior agreements respecting discovery between Parallel and Amazon.

2.      Amazon objects to each Interrogatory to the extent that it is premature in seeking highly confidential information before a suitable protective order has been entered in this case.

3.      Amazon objects to each Interrogatory to the extent that it is premature in seeking to discover contentions governed by the Rules of Practice for Patent Cases before the Eastern District of Texas.

4.      Amazon objects to each Interrogatory to the extent that it is overly broad, unduly burdensome, cumulative, and to the extent that it seeks information that is neither relevant to the claims or defenses of the parties to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

5.      Amazon objects to each Interrogatory to the extent that it seeks information that is equally available to Parallel, that is publicly available, or that is redundant of other discovery requests, including those served on Amazon in prior litigation between Parallel and Amazon respecting the same asserted patent.

6.      Amazon objects to each Interrogatory to the extent that it uses terms that are not defined or understood, or that are vaguely or ambiguously defined, and therefore fail to identify with reasonable particularity the information sought.  Amazon will not speculate as to the meaning to ascribe to such terms.

7.      Amazon objects to each Interrogatory to the extent that it seeks to compel discovery from Amazon that includes third party confidential information, or that is more appropriately sought from a third party source.

8.      Amazon objects to each Interrogatory to the extent that it seeks an admission or denial, document, or information that is protected by the attorney-client privilege, the attorney work-product doctrine, and/or other applicable privileges or immunities, or that is not otherwise within the scope of permissive discovery under the Federal Rules of Civil Procedure.

Inadvertent disclosure of such information shall not be construed as a waiver of such privilege or work-product immunity.

9.      Amazon objects to each Interrogatory to the extent that it seeks information not in Amazon's possession, custody, or control.

10.     Amazon objects to providing any trade secret or other confidential research, development, or commercial information of any third party, which is in Amazon's possession pursuant to confidentiality and non-disclosure restrictions imposed by contract or law.

11.     Amazon objects to each Interrogatory to the extent that it seeks information or the identification or production of documents relating to aspects of Amazon's business (namely, those outside the scope of Parallel's infringement contentions dated September 13, 2010) that are not relevant to a claim or defense of any party to this action on the grounds that such information and documents include highly confidential material and/or would be unduly burdensome and oppressive to collect and produce.

12.     Amazon objects to each Interrogatory as overly broad and unduly burdensome to the extent that it calls for information related to patents not asserted in the present litigation.

13.     Amazon objects to the production of any documents constituting, reflecting, representing, or concerning confidential settlement discussions.

14.     Amazon objects to each Interrogatory to the extent that it characterizes multiple subparts as a single Interrogatory.  Amazon will consider each subpart to be a separate Interrogatory for purposes of calculating the number of interrogatories utilized by Parallel relative to the limits under Fed. R. Civ. P. 33 and the Court's Discovery Order (Dkt. No. 279).

15.     Pursuant to 35 U.S.C. § 286, Amazon objects to each Interrogatory to the extent that it seeks documents or information from before March 29, 2004.

16.     Amazon objects to Parallel's definition of "Defendant," "you," and "your" to the extent that it includes legal entities separate and distinct from Amazon.com, Inc. or any other named Defendant currently a party to this litigation, or over which Amazon exercises no control. Amazon further objects to the definition to the extent that it seeks to request documents and/or information under the control of such entities.

17.     Amazon objects to Parallel's definition of "Communication" to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or other applicable privileges or immunities.  Amazon further objects to the definition of "Communication" to the extent that it improperly seeks discovery from Amazon that is properly sought from a third party, involves issues of third party confidentiality, or seeks information that is equally available to Parallel, that is publicly available, or that is redundant of other discovery requests.  Amazon additionally objects to Parallel's definition of "Communication" as overly broad and unduly burdensome, and to the extent that it implicates transmissions and/or information not in the possession, custody, or control of Amazon.

18.     Amazon objects to Parallel's definition of "document" to the extent that it seeks information, documents, or things protected by the attorney-client privilege, the attorney work-product doctrine, and/or other applicable privileges or immunities.  Amazon further objects to the definition of "document" to the extent that it improperly seeks discovery from Amazon that is properly sought from a third party, involves issues of third party confidentiality, or seeks information that is equally available to Parallel, that is publicly available, or that is redundant of other discovery requests.  Amazon additionally objects to Parallel's definition of "document" as overly broad and unduly burdensome, and to the extent that it implicates documents and/or information not in the possession, custody, or control of Amazon.

19.     Amazon objects to Parallel's definition of "Web Site" and "Web Sites" as overly broad, and vaguely or ambiguously defined, and to the extent that it mischaracterizes Amazon's products and/or services, involves proprietary and protected trade secrets, and implicates data and/or information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in the present litigation.  Amazon further objects to Parallel's definition of "Web Site" and "Web Sites" to the extent that it implicates documents and/or information not in the possession, custody, or control of Amazon, or to the extent that it improperly seeks discovery from Amazon that is properly sought from a third party, involves issues of third party confidentiality or seeks information that is equally available to Parallel, that is publicly available, or that is redundant of other discovery requests.  Amazon also objects to Parallel's definition of "Web Site" and "Web Sites" because of the deficiencies in Parallel's P.R. 3-1 Infringement Contentions, which do not meet the strict requirement to provide "[a] chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, . . . ."  P.R. 3-1(c).  As such, Amazon objects to the inclusion of web sites that "operate or function in a reasonably similar manner" in that Parallel's P.R. 3-1 Infringement Contentions do not provide guidance for Amazon to understand what constitutes "reasonably similar" operation.  Amazon's use of the terms "web site" or "web sites" in its responses should not be understood to use or incorporate Parallel's definition.

20.     Amazon objects to Parallel's definition of "Prior art" to the extent that it attempts to omit any reference or activity described in 35 U.S.C. §§ 102 and 103.

21.     Amazon objects to Parallel's definition of "Data" as overly broad, and vaguely or ambiguously defined, particularly because Parallel attempts to include "services" as comprising "data."  Amazon also objects to Parallel's definition of "Data" to the extent that it

mischaracterizes Amazon's products and/or services, involves proprietary and protected trade secrets, and implicates data and/or information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in the present litigation.  Amazon's use of the term "data" in its responses should not be understood to use or incorporate Parallel's definition.

22.     Amazon objects to Parallel's definition of "Applet" as overly broad, unduly burdensome, and seeking the disclosure of irrelevant information to the extent it purports to include alleged "applets" not identified by Parallel in its P.R. 3-1 Infringement Contentions. Amazon further objects to Parallel's definition of "Applet" as overly broad, and vaguely and ambiguously defined because the definition lists within its scope "any program that can be executed on the Client Device and can perform one or more specific tasks with Data" and "applet encoded using any other suitable scripting language or suitable programming language, and also includes other software provided for use on the Client Device."  Amazon also objects to Parallel's definition of "Applet" to the extent that it mischaracterizes Amazon's products and/or services, involves proprietary and protected trade secrets, and implicates data and/or information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in the present litigation.  Amazon further objects to Parallel's definition of "Applet" to the extent that it purports to adopt a particular claim construction for the claim term "applet."  Amazon's use of the term "applet" in its responses should not be understood to use or incorporate Parallel's definition.

23.     Amazon objects to Instruction Nos. 1, 2, 3, and 6 to the extent they seek to impose requirements that are inconsistent with or exceed those specified by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of Texas, and/or the Rules of Practice for Patent Cases before the Eastern District of Texas.  Amazon also

objects to Instruction Nos. 1, 2, 3, and 6 to the extent that they require information in a manner

that is overly broad and/or unduly burdensome, and to the extent that they seek information that

is neither relevant to the claims or defenses of any party to this action, nor reasonably calculated

to lead to the discovery of admissible evidence.

24.     Amazon objects to Instruction No. 4 to the extent that it seeks to impose an

arbitrary obligation or time limit upon Amazon's duty to supplement. Amazon will supplement

in accordance with the Federal Rules of Civil Procedure and any applicable local rules or order

of this Court.

25.     Amazon objects to Instruction No. 5 to the extent that it seeks to impose a burden

and/or duty beyond that required by Federal Rule of Civil Procedure 33(d).  Amazon further

objects to Instruction No. 5 to the extent that it seeks to impose a duty upon Amazon to

prematurely provide a log of privileged documents in a manner and on a timeline inconsistent

with the Court's Docket Control Order (Dkt. No. 280).

26.     These objections and responses reflect only the current state of Amazon's

knowledge with respect to the matters addressed in the Interrogatories.  Amazon's responses are

based on the discovery available as of this date, and Amazon reserves the right to modify or

supplement its responses as more information is discovered.  These objections and responses are

made without prejudice to Amazon's right to use or rely on, at any time, including at trial,

subsequently discovered information or information omitted from these objections and responses

as a result of mistake, error, oversight, or inadvertence.

27.     By making these general objections to Parallel's Interrogatories, Amazon does not

waive the right to make additional or supplemental objections to these or other Interrogatories.

28.     Amazon makes these objections and responses without conceding the relevancy or materiality of any Interrogatory, and without prejudice to Amazon's right to object to admissibility at trial with respect to the subject matter of any Interrogatory.

29.     No incidental or implied admissions are intended by the responses herein.  The fact that Amazon responds to or makes objections to any Interrogatory should not be taken as an admission that Amazon accepts or admits the existence of any "facts" set forth or assumed by such Interrogatory.

30.     Specific objections are made on an individual basis to the Interrogatories below. In addition, Amazon incorporates by reference into the responses made with respect to each Interrogatory its general objections set forth herein.  The failure to include at this time any general or specific objection to an Interrogatory is neither intended as, nor shall in any way be deemed, a waiver of Amazon's right to assert such an objection or any other objection at a later date.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each Web Site and whether defendant has an opinion or contention of noninfringement, or seeks a declaration of noninfringement, and for each such Web Site, identify the pertinent asserted claim(s), and identify the claim element(s) and opinion(s) that forms the basis thereof.

### RESPONSE TO INTERROGATORY NO. 1:

Amazon objects to this interrogatory as premature until the Court issues a claim construction in this lawsuit.  A requirement that a party provide contentions of this sort early in the litigation is in tension with the established time frames for declaring claim construction positions provided by the Patent Rules.  *See, e.g., Jacobs Chuck Mfg. Co. v. Shandong Weida*

*Mach.*, No. 2:05-cv-185 (E.D. Tex. Aug. 18, 2006) (order denying motion to compel response to

contention interrogatory before claim construction) (*enforced*, *Software Rights Archive, LLC v.*

*Google Inc.*, No. 2:07-cv-00511 (E.D. Tex. May 26, 2010)).

Amazon also objects to this interrogatory to the extent that it seeks information,

documents, or things protected by the attorney-client privilege, the attorney work-product

doctrine, and/or other applicable privileges or immunities.  Amazon further objects to this

interrogatory as premature to the extent that it calls for expert testimony not yet due in this

matter.  Amazon additionally objects to this interrogatory to the extent that it seeks information

which is neither relevant to the claims or defenses of the parties to this action, nor reasonably

calculated to lead to the discovery of admissible evidence.  Amazon further objects to the over

breadth of the term "Web Site" to the extent that it includes products and/or services that are not

specifically accused of infringement in this lawsuit.  Amazon additionally objects to this

interrogatory as overly broad and unduly burdensome, including because it requires Amazon to

speculate as to the alleged manner in which several of the accused instrumentalities infringe the

patents-in-suit due to the insufficiency of Parallel's Infringement Contentions pursuant to P.R. 3-

1 and 3-2.

Subject to and without waiving the foregoing General and Specific objections, and

without prejudice to amending or supplementing these responses, Amazon responds as follows:

Amazon is unaware of any of its "Web Sites," as that term is best understood, infringing

any claim of the '111 patent.  To the extent Parallel contends differently, Amazon seeks a

declaration of non-infringement as to such "Web Sites."  Amazon contends that its website

www.amazon.com does not infringe any claim of the '111 patent under any theory, (including

directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

Amazon will respond further to this interrogatory in a manner consistent with the time frame

outlined by the Patent Rules.  Also, pursuant to Federal Rule of Civil Procedure 33(d), Amazon

will produce relevant, responsive, non-privileged documents within its possession, custody, and

control, to the extent such documents exist and have not already been produced, from which a

response to this interrogatory may be ascertained.  Furthermore, discovery in this case has just

commenced and Amazon's investigation is on-going.  Therefore, Amazon reserves the right to

modify or supplement its responses as more information is discovered.


**INTERROGATORY NO. 2:**

Identify the complete basis for defendant's opinion, contention or belief that the asserted claims are invalid or unenforceable or limited, including but not limited to any defense, based upon law or statute, prosecution history estoppel, equitable estoppel, estoppel, standing, waiver, laches, unclean hands, acquiescence, innocent or lack of intent to infringe, lack of inducement to infringe, the presence of noninfringing substitutes, absence of willful infringement, failure to join a party, right to practice, marking or license, and all documents related to those defenses and the persons most knowledgeable with respect to those defenses.

**RESPONSE TO INTERROGATORY NO. 2:**

Amazon objects to this interrogatory as compound and constituting multiple

interrogatories not related as discrete subparts.  Amazon also objects to this interrogatory to the

extent that it seeks information, documents, or things protected by the attorney-client privilege,

the attorney work-product doctrine, and/or other applicable privileges or immunities.  Amazon

further objects to this interrogatory as premature to the extent that it calls for expert testimony

not yet due in this matter.  Amazon objects to this interrogatory as overly broad and unduly

burdensome, including because it requires Amazon to identify the "complete basis for

defendant's opinion, contention or belief" relating to its response and "all documents related to

those defenses."

Subject to and without waiving the foregoing General and Specific objections, and without prejudice to amending or supplementing these responses, Amazon responds as follows:

Amazon incorporates by reference its original and all supplemental or amended answers, counterclaims, and disclosures, including without limitation its Answer And Counterclaim To Parallel Networks' Second Amended Complaint For Patent Infringement and its Initial Disclosures made in this case, reserving the right to amend its answers, counterclaims, and disclosures to add additional Affirmative Defenses, including instances of inequitable conduct, consistent with the facts discovered in the case.  Amazon further incorporates by reference its answer and counterclaims, as well as all initial disclosures, discovery responses, infringement contentions, invalidity contentions, and discovery requests filed and/or served in *Parallel Networks, LLC v. Google Inc. et al.*, No. 6:09-cv-00154-LED (E.D. Tex.).

Specifically with regard to laches, the '111 patent issued more than six years before Parallel filed suit in this matter (despite knowing of Amazon), giving rise to a presumption of laches.  On information and belief, Parallel has long been aware of the Amazon products and services that it has accused of infringement in this case.  Such products are generally freely and publicly available (*see, e.g.*, Parallel's infringement contentions in both the present litigation and the prior one against Amazon respecting the '111 patent).  Further, Amazon often makes implementation information, page source, and advertising and media materials accessible to its users.  As a result of Parallel's unreasonable and inexcusable delay in bringing suit, Amazon has, on information and belief, been materially prejudiced both by changes in economic position and by the loss of evidence.  For example, Amazon has continued to develop and market the accused instrumentalities—expenditures that could have been avoided had Parallel timely put Amazon on

notice of its alleged infringement.  Moreover, on information and belief, Amazon has lost

documentary and witness evidence relating to defense of Parallel's claims.

Also, Parallel's claims are barred, in whole or in part, by the doctrines of waiver,

acquiescence, and/or estoppel.  The '111 patent issued in 2002, more than seven and one half

years before Parallel filed the current suit.  During that time, Amazon developed, marketed, and

made generally available the accused instrumentalities.  On information and belief, Parallel

knowingly stood by for at least six and one half years without raising any objection to Amazon's

activities.  Parallel filed suit against Amazon in this Court on April 6, 2009, accusing Amazon of

infringing of the '111 patent and relying on the same allegations that have been made in the

current matter.  In February 2010, Parallel agreed to dismiss that case, presumably having

determined not to pursue its allegations of infringement against Amazon.

Amazon's response is based on the discovery available as of this date.  Discovery in this

case has just commenced and Amazon's investigation is on-going.  Therefore, Amazon reserves

the right to modify or supplement this response as more information is discovered.


## INTERROGATORY NO. 3:

Identify any material, economic or evidentiary prejudice suffered by defendant based
upon any alleged delay or other action or inaction or statement by Parallel Networks with respect
to this action, including documents relating thereto and the persons most knowledgeable, the
period during which such prejudice occurred, as well as any changes to the Web Sites considered
or made and when considered or made based upon any alleged delay or other action or inaction
or statement by Parallel Networks.

## RESPONSE TO INTERROGATORY NO. 3:

Amazon objects to this interrogatory to the extent that it seeks information, documents, or

things protected by the attorney-client privilege, the attorney work-product doctrine, and/or other

applicable privileges or immunities.  Amazon also objects to this interrogatory as premature to

the extent that it calls for expert testimony not yet due in this matter.  Amazon further objects to this interrogatory to the extent that it uses phrases, such as "action or inaction or statement by Parallel Networks with respect to this action," "changes to the Web Sites considered or made," and "Web Site" that are not defined or understood, or are vaguely or ambiguously defined, and therefore fail to identify with reasonable particularity the information sought.

Subject to and without waiving the foregoing General and Specific objections, and without prejudice to amending or supplementing these responses, Amazon responds as follows:

On information and belief, Parallel has long been aware of the Amazon products and services that it has accused of infringement in this case.  Such products are generally freely and publicly available.  Further, Amazon often makes implementation information, page source, and advertising and media materials accessible to its users.  The '111 patent issued in 2002, more than seven and a half years before Parallel filed the current suit.  Amazon has suffered economic prejudice, at least because it has continued to develop and market the accused instrumentalities notwithstanding Parallel's delay in timely putting Amazon on notice of its alleged infringement. Further, given the overly broad scope of Parallel's Infringement Contentions pursuant to P.R. 3-1 and 3-2, it is likely that persons with knowledge and/or documents about the operation of www.amazon.com since March 29, 2004 are no longer available to or within the possession, custody, or control of Amazon.

On information and belief, the person most knowledgeable about Parallel's delay is Mr. Terry Fokas, who can be contacted through Parallel's counsel.

Further, Parallel filed suit against Amazon in this Court on April 6, 2009, accusing Amazon of infringing of the '111 patent and relying on the same allegations that have been made in the current matter.  In February 2010, Parallel agreed to dismiss that case, presumably having

determined not to pursue its allegations of infringement against Amazon.  Documents relating to

this abandoned suit include Amazon's answer and counterclaims, as well as all initial

disclosures, discovery responses, infringement contentions, invalidity contentions, and discovery

requests filed and/or served in *Parallel Networks, LLC v. Google Inc. et al.*, No. 6:09-cv-00154-

LED (E.D. Tex.), which Amazon herein incorporates by reference.


## INTERROGATORY NO. 4:

For each Web Site, identify by month, quarter, and year, in both units and revenue where
applicable:
(a) its past, current, and projected sales;
(b) its profitability;
(c) its geographic location, i.e., location of hardware and software;
(d) its actual and projected cost of operation, development and maintenance, expense
including fixed and variable costs, revenue generated, and perceived value including non-
monetary value; and
(e) its actual or perceived marketing or advertising value with respect to the generation of
revenue or goodwill.

## RESPONSE TO INTERROGATORY NO. 4:

Amazon objects to this interrogatory to the extent that it uses phrases, such as "Web

Site," "perceived value including non-monetary value," and "perceived marketing or advertising

value with respect to the generation of revenue or goodwill," that are not defined or understood,

or are vaguely or ambiguously defined, and therefore fail to identify with reasonable particularity

the information sought.  Amazon also objects to the over breadth of the term "Web Site" to the

extent that it includes products and/or services that are not specifically accused of infringement

in this lawsuit.  Amazon also objects to this interrogatory as vague because it purports to seek the

"geographic location" of web sites in terms of "both units and revenue."  Amazon objects to this

interrogatory as compound and constituting multiple interrogatories not related as discrete

subparts, particularly as some parts relate to financial information and others to geographic information.

Amazon also objects to this interrogatory to the extent that it seeks information, documents, or things protected by the attorney-client privilege, the attorney work-product doctrine, and/or other applicable privileges or immunities. Amazon objects to this interrogatory as premature to the extent that it calls for expert testimony not yet due in this matter. Amazon further objects to this interrogatory to the extent that it seeks information prior to March 29, 2004, which is not relevant because potential infringement damages are limited to the six year period preceding the institution of a patent infringement lawsuit under 35 U.S.C. § 286.

Subject to and without waiving the foregoing General and Specific objections, and without prejudice to amending or supplementing these responses, Amazon responds as follows:

Parallel and the defendants to this action have reached an oral agreement to bifurcate liability and damages, as they relate to both discovery and trial. For at least that reason, this interrogatory is premature. Should the Court choose not to adopt the parties' agreement, Amazon will timely supplement its response to this interrogatory. Otherwise, Amazon will supplement its response to this interrogatory only once a determination of liability has been made.


**INTERROGATORY NO. 5:**

To the extent not answered with respect to Interrogatory No. 4, for each Web Site that provides information for (some or all) goods or services that are not offered for sale, identify:
(a) its cost of operation, development and maintenance expenses including fixed and variable costs, actual or perceived revenue generated by sales on or off the Web Site (i.e., by retailers, wholesalers, distributors or others), and its perceived value including non-monetary value;
(b) any estimates, projections, forecasts or beliefs with respect to actual or perceived marketing, promotional or advertising value, and any other tangible or intangible value; and

(c) its actual or perceived marketing or advertising value with respect to the generation of revenue or goodwill.

## RESPONSE TO INTERROGATORY NO. 5:

Amazon objects to this interrogatory to the extent that it uses phrases, such as "Web Site," "perceived revenue generated by sales on or off the Web Site," "perceived value including non-monetary value," "perceived marketing, promotional or advertising value, and any other tangible or intangible value," and "perceived marketing or advertising value with respect to the generation of revenue or goodwill," that are not defined or understood, or are vaguely or ambiguously defined, and therefore fail to identify with reasonable particularity the information sought. Amazon also objects to the over breadth of the term "Web Site" to the extent that it includes products and/or services that are not specifically accused of infringement in this lawsuit.

Amazon also objects to this interrogatory to the extent that it seeks information, documents, or things protected by the attorney-client privilege, the attorney work-product doctrine, and/or other applicable privileges or immunities. Amazon objects to this interrogatory as premature to the extent that it calls for expert testimony not yet due in this matter. Amazon further objects to this interrogatory to the extent that it seeks information prior to March 29, 2004, which is not relevant because potential infringement damages are limited to the six year period preceding the institution of a patent infringement lawsuit under 35 U.S.C. § 286.

Subject to and without waiving the foregoing General and Specific objections, and without prejudice to amending or supplementing these responses, Amazon responds as follows:

Parallel and the defendants to this action have reached an oral agreement to bifurcate liability and damages, as they relate to both discovery and trial. For at least that reason, this interrogatory is premature. Should the Court choose not to adopt the parties' agreement,

Amazon will supplement its response to this interrogatory.  Otherwise, Amazon will supplement

its response to this interrogatory only once a determination of liability has been made.


**INTERROGATORY NO. 6:**

Identify defendant's bases for any contention that it is entitled to an award of attorney's fees in this civil action, including the bases for contending that this is an exceptional case within the meaning of 35 U.S.C § 285.

**RESPONSE TO INTERROGATORY NO. 6:**

Amazon objects to this interrogatory to the extent that it seeks information, documents, or

things protected by the attorney-client privilege, the attorney work-product doctrine, and/or other

applicable privileges or immunities.  Amazon also objects to this interrogatory as a premature

contention interrogatory that has been filed before any documents or substantive discovery

responses have been received from Parallel in this lawsuit.

Subject to and without waiving the foregoing General and Specific objections, and

without prejudice to amending or supplementing these responses, Amazon responds as follows:

Discovery in this case has just commenced and Amazon's investigation is on-going.

Amazon contends that Parallel has brought an unwarranted suit on an invalid or unenforceable

patent.  Amazon seeks to demonstrate that the totality of the circumstances will show that

Parallel acted in bad faith or at least with gross negligence in bringing and maintaining this suit,

including because Parallel has brought a second suit against Amazon broadly and vaguely

alleging infringement of the '111 patent when it would not even agree to make available a Rule

30(b)(6) witness to explain the basis for allegations in the previous lawsuit—a case that Parallel

agreed to dismiss in February 2010, not long after Amazon pressed for the Rule 30(b)(6)

deposition regarding Parallel's infringement contentions.  Amazon also seeks to demonstrate that

the current suit exhibits an intentional misjoinder of parties to prejudice Amazon and other

defendants.

Amazon reserves the right to modify or supplement its responses as more information is

discovered.


## INTERROGATORY NO. 7:

Identify the structure, operation and functionality of the Web Sites with respect to:
(a) servers and associated hardware and software;
(b) the handling of a request from a client device responding to that request;
(c) the creation, identification and selection of Applets that are sent to the client device;
(d) the use of Applets and when Applets were first used;
(e) the use of plug-ins;
(f) the creation, acquisition, collection and identification of Data and how compiled and how sent to the Client Device;
(g) the Applet and Data on the Client Device; and
(h) the Client Device both in its initial request and in all other interactions with defendant's Web Sites, including but not limited to the available operations and functionalities with respect to operating or using the Data and obtaining additional Data from the defendant's Web Sites.

## RESPONSE TO INTERROGATORY NO. 7:

Amazon objects to this interrogatory to the extent that it uses phrases, such as "Web

Site," "Applet," "Client Device," "Data," "structure, operation and functionality," "handling of a

request," "creation, identification and selection," "use," "creation, acquisition, collection and

identification," and "other interactions," that are not defined or understood, or are vaguely or

ambiguously defined, and therefore fail to identify with reasonable particularity the information

sought. Amazon also objects to the over breadth of the terms "Web Site" and "Applet" to the

extent that they include products and/or services that are not specifically accused of infringement

in this lawsuit. Amazon further objects to this interrogatory as compound and constituting

multiple interrogatories not related as discrete subparts.

Amazon objects to this interrogatory as overly broad and unduly burdensome, including

because it does not specify a particular use or interaction to be described.  Amazon additionally

objects to this interrogatory to the extent that it seeks information which is neither relevant to the

claims or defenses of the parties to this action, nor reasonably calculated to lead to the discovery

of admissible evidence.  Amazon also objects to this interrogatory as premature to the extent that

it calls for information the disclosure of which is governed by P.R. 3-4.

Subject to and without waiving the foregoing General and Specific objections, and

without prejudice to amending or supplementing these responses, Amazon responds as follows:

Pursuant to Federal Rule of Civil Procedure 33(d), Amazon will produce relevant,

responsive, non-privileged documents within its possession, custody, and control, to the extent

such documents exist and have not already been produced, from which a response to this

interrogatory may be ascertained.  Furthermore, discovery in this case has just commenced and

Amazon's investigation is on-going.  Therefore, Amazon reserves the right to modify or

supplement its responses as more information is discovered.


**INTERROGATORY NO. 8:**

Identify any secondary considerations or objective indicia relevant to the issue of
obviousness that support or refute any contention that the subject matter as a whole of any
asserted claim of the '111 patent would or would not have been obvious to a person having
ordinary skill in the relevant art, identify all related documents and the persons most
knowledgeable.

**RESPONSE TO INTERROGATORY NO. 8:**

Amazon objects to this interrogatory to the extent that it seeks information, documents, or

things protected by the attorney-client privilege, the attorney work-product doctrine, and/or other

applicable privileges or immunities.  Amazon also objects to this interrogatory as premature to

the extent that it calls for expert testimony not yet due in this matter.  Amazon further objects to

this interrogatory as overly broad and unduly burdensome, including because it requires Amazon

to identify "all related documents" and "the persons most knowledgeable."

Subject to and without waiving the foregoing General and Specific objections, and

without prejudice to amending or supplementing these responses, Amazon responds as follows:

Parallel has not identified any secondary considerations or objective indicia to refute that

the '111 patent would have been obvious to one of skill in the art at the time the application

which lead to the patent was filed.  At this time, Amazon is unaware of any considerations or

indicia that would weigh against a determination that the '111 patent is invalid as obvious.

Amazon incorporates by reference its P.R. 3-3 disclosures.  Further, both Amazon and Parallel

have previously identified Mr. Keith Lowery as having knowledge related to the subject matter

of the '111 patent.  Additionally, Amazon incorporates by reference all parties' initial disclosures

and any trial witness lists later filed in this matter.

Finally, discovery in this case has just commenced and Amazon's investigation is on-

going.  Therefore, Amazon reserves the right to modify or supplement its responses as more

information is discovered.


**INTERROGATORY NO. 9:**

For each Web Site, identify when defendant first began using the Web Sites and over
what period of time, including but not limited to earlier or later versions of those Web Sites.

**RESPONSE TO INTERROGATORY NO. 9:**

Amazon objects to this interrogatory to the extent that it uses phrases, such as "Web Site"

and "first began using," that are not defined or understood, or are vaguely or ambiguously

defined, and therefore fail to identify with reasonable particularity the information sought.

Amazon also objects to the over breadth of the term "Web Site" to the extent that it includes products and/or services that are not specifically accused of infringement in this lawsuit.

Amazon further objects to this interrogatory to the extent that it seeks information which is neither relevant to the claims or defenses of the parties to this action, nor reasonably calculated to lead to the discovery of admissible evidence. Amazon also objects to this interrogatory to the extent that it seeks information prior to March 29, 2004, which is not relevant because potential infringement damages are limited to the six year period preceding the institution of a patent infringement lawsuit under 35 U.S.C. § 286.

Subject to and without waiving the foregoing General and Specific objections, and without prejudice to amending or supplementing these responses, Amazon responds as follows:

Amazon has made the web sites or features specifically accused by Parallel's Infringement Contentions pursuant to P.R. 3-1 and 3-2 publicly available in its production systems as follows:

| | |
|---|---|
| www.amazon.com | July 1995 - present |
| "Today's Recommendations for You" | July 27, 2006 - present |
| ('Shoveler' feature included in above) | July 27, 2006 - present |
| ('Popover' feature included in above) | July 27, 2006 - present |
| "Wish List" | October 1999 - present |

**INTERROGATORY NO. 10:**

In the event that the asserted claim(s) of the '111 patent are found valid, enforceable and infringed, identify defendant's opinion or contention with respect to its liability for patent infringement damages, including but not limited to lost profits or a reasonable royalty (including the appropriate royalty base) and the complete basis for such opinion or contention, including the factors set forth in *Georgia Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).

**RESPONSE TO INTERROGATORY NO. 10:**

Amazon objects to this interrogatory to the extent that it seeks information, documents, or things protected by the attorney-client privilege, the attorney work-product doctrine, and/or other applicable privileges or immunities.  Amazon also objects to this interrogatory as premature to the extent that it calls for expert testimony not yet due in this matter.  Amazon further objects to this interrogatory to the extent that it seeks information prior to March 29, 2004, which is not relevant because potential infringement damages are limited to the six year period preceding the institution of a patent infringement lawsuit under 35 U.S.C. § 286.

Subject to and without waiving the foregoing General and Specific objections, and without prejudice to amending or supplementing these responses, Amazon responds as follows:

Parallel and the defendants to this action have reached an oral agreement to bifurcate liability and damages, as they relate to both discovery and trial.  For at least that reason, this interrogatory is premature.  Should the Court choose not to adopt the parties' agreement, Amazon will supplement its response to this interrogatory.  Otherwise, Amazon will supplement its response to this interrogatory only once a determination of liability has been made.


**INTERROGATORY NO. 11:**

Identify all communications among and between the defendant, Parallel Networks, and third parties with respect to the subject matter of this action.

**RESPONSE TO INTERROGATORY NO. 11:**

Amazon objects to this interrogatory to the extent that it seeks information, documents, or things protected by the attorney-client privilege, the attorney work-product doctrine, and/or other applicable privileges or immunities.  Amazon also objects to this interrogatory to the extent that

22

it seeks information which is neither relevant to the claims or defenses of the parties to this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Amazon additionally objects to this interrogatory to the extent that it seeks information that is equally available to Parallel, that is publicly available, or that is redundant of other discovery requests. Amazon also objects to this interrogatory as overly broad and unduly burdensome, including because it requires Amazon to identify the "all communications."

Amazon objects to each Interrogatory to the extent that it seeks to compel discovery from Amazon that includes third party confidential information, or that is more appropriately sought from a third party source.  Amazon further objects to this interrogatory as premature in view of the document disclosure schedule set forth by the Court's Discovery and Docket Control Orders, the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of Texas, and/or the Rules of Practice for Patent Cases before the Eastern District of Texas.

Subject to and without waiving the foregoing General and Specific objections, and without prejudice to amending or supplementing these responses, Amazon responds as follows:

Pursuant to Federal Rule of Civil Procedure 33(d), Amazon will produce relevant, responsive, non-privileged documents within its possession, custody, and control, to the extent such documents exist and have not already been produced, from which a response to this interrogatory may be ascertained.  Further, according to the terms of the Court's Discovery Order, "privilege logs need not include post-filing privileged documents (i.e. on or after March 29, 2010), with the exception of documents related to opinions of counsel relative to infringement, validity or enforceability that a party has relied upon or reserved the right to rely upon."  (Dkt. No. 279.)  *See also* Dkt. No. 37, Civil Action No. 6:09-cv-00154-LED, at ¶ 5 ("No

party shall be required to log privileged communications and/or work product that (1) is generated after the commencement of the litigation (i.e., on April 6, 2009); and (2) relates to the asserted patent and/or the litigation."). Discovery in this case has just commenced and Amazon's investigation is on-going.  Therefore, Amazon reserves the right to modify or supplement its response as more information is discovered.

## INTERROGATORY NO. 12:

Identify all acts or activities by defendant or others with respect to any attempt to design around (or copy) the inventions claimed by the '111 patent.

## RESPONSE TO INTERROGATORY NO. 12:

Amazon objects to this interrogatory to the extent that it uses terms, such as "acts or activities" and "design around," that are not defined or understood, or are vaguely or ambiguously defined, and therefore fail to identify with reasonable particularity the information sought.  Amazon also objects to this interrogatory as overly broad and unduly burdensome, including because it requires Amazon to identify "all acts or activities."  Amazon further objects to this interrogatory to the extent that it seeks information, documents, or things protected by the attorney-client privilege, the attorney work-product doctrine, and/or other applicable privileges or immunities.  Amazon also objects to this interrogatory to the extent that it seeks information which is neither relevant to the claims or defenses of the parties to this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Amazon further objects to this interrogatory as compound and constituting multiple interrogatories not related as discrete subparts, particularly because it asks about attempts to "design around" on the one hand, and attempts to "copy" on the other.

Subject to and without waiving the foregoing General and Specific objections, and without prejudice to amending or supplementing these responses, Amazon responds as follows:

Any analysis that Amazon has performed in relation to the patent-in-suit since this lawsuit was filed is privileged, and Amazon declines to waive such privilege at this time. Further, because Amazon was unaware of the patent-in-suit until Parallel filed suit, Amazon could not have and did not copy any alleged invention claimed by the '111 patent.

**INTERROGATORY NO. 13:**

Identify any right or benefit defendant has obtained or has or may pursue or could obtain under the '111 patent from any third party by law, agreement, contract, license, sublicense, covenant not to sue or otherwise, and any attempt or intended attempt to obtain such rights or benefits, and identify all related communications, documents and the most knowledgeable person.

**RESPONSE TO INTERROGATORY NO. 13:**

Amazon objects to this interrogatory to the extent that it uses terms, such as "right," "benefit," and "under the '111 patent," that are not defined or understood, or are vaguely or ambiguously defined, and therefore fail to identify with reasonable particularity the information sought. Amazon also objects to this interrogatory as overly broad and unduly burdensome, including because it requires Amazon to identify "all related communications, documents and the most knowledgeable person." Amazon further objects to this interrogatory to the extent that it seeks information, documents, or things protected by the attorney-client privilege, the attorney work-product doctrine, and/or other applicable privileges or immunities. Amazon also objects to this interrogatory to the extent that it seeks information which is neither relevant to the claims or defenses of the parties to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific objections, and without prejudice to amending or supplementing these responses, Amazon responds as follows:

Amazon does not currently hold any right in or benefit associated with the '111 patent. Any analysis regarding such a right or benefit in relation to the patent-in-suit that has been undertaken since this lawsuit was filed is privileged, and Amazon declines to waive such privilege at this time.

Dated:  December 9, 2010

Respectfully submitted,

By: */s/ Indranil Mukerji*
    Ruffin B. Cordell – Lead Attorney
    Texas Bar No. 04820550
    Email: cordell@fr.com
    Michael J. McKeon
    Email: mckeon@fr.com
    Indranil Mukerji
    Email: mukerji@fr.com
    FISH & RICHARDSON P.C.
    1425 K Street, N.W., Suite 1100
    Washington, DC 20005
    (202) 626-6449 (Telephone)
    (202) 783-2331 (Facsimile)

    Stephen A. Marshall
    Email: smarshall@fr.com
    FISH & RICHARDSON P.C.
    One Marina Park Drive
    Boston, MA  02210
    (617) 542-5070 (Telephone)
    (617) 542-8906 (Facsimile)

    Attorneys for Defendant
    Amazon.com, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served via email on December 9, 2010, upon counsel for Plaintiff.

*/s/ Stephen A. Marshall*
Stephen A. Marshall

## VERIFICATION

I, David Zapolsky, declare under penalty of perjury that the following is true and correct:

I have read the foregoing Responses and Objections to Parallel Networks, LLC's First Set of Interrogatories (Nos. 1-13).  I am authorized to sign this Interrogatory response on behalf of Amazon.com, Inc., and I certify that the matters stated in the document identified above are a corporate response to Parallel Network's First Set of Interrogatories to Defendant.  Because the matters stated in the document identified above are a corporate response, they are not all necessarily within my personal knowledge or within the personal knowledge of any single individual.  Subject to these limitations, the facts contained in the foregoing responses are, to the best of my knowledge, true and correct.

Dated: December 9, 2010

By: _____

Name: ___ **DAVID ZAPOLSKY** ___

Title: _VP r AGC, Legal_

28