IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| Parallel Networks, LLC, | |
| Plaintiff, | No. 6:10-cv-00111-LED (Lead Case) |
| v. | CONSOLIDATED |
| Abercrombie & Fitch Co., et al., | Jury Trial Demanded |
| Defendants. | |

**PARALLEL NETWORKS, LLC'S MOTION TO ALTER OR AMEND THIS COURT'S SUMMARY JUDGMENT ORDER UNDER RULE 59(e), F.R.C.P.**

George S. Bosy
David R. Bennett
Bosy & Bennett
300 N. La Salle St.
49th Floor
Chicago, Illinois 60654
Telephone: (312) 803-0437
Email: gbosy@bosybennett.com
           dbennett@bosybennett.com

Charles Craig Tadlock
Texas State Bar No. 00791766
TADLOCK LAW FIRM
400 E. Royal Lane, Suite 290
Irving, Texas 75039
Telephone: (214) 785-6014
craig@tadlocklawfirm.com
  and
315 N. Broadway, Suite 307
Tyler, Texas 75702
Telephone: (903) 283-2758

ATTORNEYS FOR PLAINTIFF
PARALLEL NETWORKS, LLC

Dated: September 9, 2011

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES .......................................................................................................... ii

TABLE OF EXHIBITS ................................................................................................................. iii

I. BACKGROUND ............................................................................................................... 2

II. STATEMENT OF FACTS ................................................................................................ 3

    A. The Court's Construction of the Term "Dynamically Generated by the Server in Response to the Request" was not Proposed by Either Party ..................................... 3

    B. The Court's Construction of the Term "Executable Applet" is Different from Either Parties' Proposed Construction .......................................................................... 5

    C. Parallel's Amended Infringement Contentions Establish Infringement Under the Court's Claim Constructions ............................................................................... 5

III. APPLICABLE LAW ......................................................................................................... 6

IV. ARGUMENT ..................................................................................................................... 7

    A. The Court Should Vacate Its Summary Judgment Order Due to an Intervening Change in the Law, New Evidence, and to Prevent Manifest Injustice ..................... 8

        1. The Court's Claim Construction Order was An Intervening Change in the Law of the Case ........................................................................................... 8

        2. Parallel's Amended Infringement Contentions Could Not Have Been Anticipated Prior to the Court's Claim Construction Order ............................... 8

        3. The Court's Summary Judgment Order Should be Vacated To Prevent Manifest Injustice ................................................................................................. 9

    B. Parallel Meets the Relevant Legal Standard for Amending its Infringement Contentions ................................................................................................................. 11

CONCLUSION ............................................................................................................................. 13

## TABLE OF AUTHORITIES

**Cases**

*In re Benjamin Moore & Co.*,
 318 F. 3d 626 (5th Cir. 2002) .................................................................................................. 6
*Mass Engineered Design v. Egrotron, Inc.*,
 2008 WL 1930299 (E.D. Tex. Apr. 30, 2008) ...................................................................... 12
*Nidec Corp. v. LG Innotek Co.*,
 2009 WL 3673253 (E.D. Tex. Sept. 2, 2009 .............................................................. 7, 11, 12
*Xerox Corp. v. Genmoora Corp.*,
 888 F.2d 345 (5th Cir. 1989) .................................................................................................. 9

**TABLE OF EXHIBITS**

Exhibit 1: Table of status of defendants

Exhibit 2: Table of defendants and websites for which Parallel seeks to vacate the Court's grant of summary judgment

Exhibit 3: Table of defendants and websites denied summary judgment (or did not move for summary judgment)

Exhibit 4: Declaration of David R. Bennett

Exhibit 5: Amended infringement contention for www.amazon.com (Quicklist)

Exhibit 6: Amended infringement contention for www.amazon.com (Today's Deals)

Exhibit 7: Amended infringement contention for www.aol.com

Exhibit 8: Amended infringement contention for www.mail.aol.com

Exhibit 9: Amended infringement contention for www.asicsamerica.com

Exhibit 10: Amended infringement contention for www.bentleymotors.com

Exhibit 11: Amended infringement contention for www.bustedtees.com

Exhibit 12: Amended infringement contention for www.cabela.com

Exhibit 13: Amended infringement contention for www.bulovaspaceview.com/en

Exhibit 14: Amended infringement contention for www.coldwatercreek.com

Exhibit 15: Amended infringement contention for disneyland.disney.go.com

Exhibit 16: Amended infringement contention for www.kellytires.com

Exhibit 17: Amended infringement contention for www.google.com (Finance)

Exhibit 18: Amended infringement contention for checkout.google.com

Exhibit 19: Amended infringement contention for chrome.google.com/webstore

Exhibit 20: Amended infringement contention for picasa.google.com

Exhibit 21: Amended infringement contention for www.youtube.com

Exhibit 22: Amended infringement contention for www.rocawear.com

Exhibit 23: Amended infringement contentions for www.sears.com and www.kmart.com

Exhibit 24: Amended infringement contentions for www.craftsman.com, www.kenmore.com, www.thegreatindoors.com

Exhibit 25: Amended infringement contention for www.motorola.com

Exhibit 26: Amended infringement contention for www.netflix.com

Exhibit 27: Amended infringement contention for www.newbalance.com

Exhibit 28: Amended infringement contention for www.shopnewbalance.com

Exhibit 29: Amended infringement contentions for www.shopwarrior.com and www.shoppfflyers.com

Exhibit 30: Amended infringement contention for www.nordstrom.com

Exhibit 31: Amended infringement contention for www.trip.com

Exhibit 32: Amended infringement contention for www.rugby.com

Exhibit 33: Amended infringement contention for www.redbox.com

Exhibit 34: Amended infringement contention for www.subaru.com

Exhibit 35: Amended infringement contention for www.target.com

Exhibit 36: Amended infringement contention for www.toyota.com

Exhibit 37: Amended infringement contention for www.victoriassecret.com

Exhibit 38: Amended infringement contention for www.audiusa.com

Exhibit 39: Amended infringement contention for www.vw.com

Exhibit 40: Amended infringement contentions for www.williams-sonoma.com, www.potterybarnkids.com, www.pbteen.com, www.westelm.com, and www.wshome.com

Exhibit 41: Amended infringement contention for www.potterybarn.com

Exhibit 42: Amended infringement contention for www.zappos.com

**PARALLEL NETWORKS, LLC'S MOTION TO ALTER OR AMEND THIS COURT'S SUMMARY JUDGMENT ORDER UNDER RULE 59(e), F.R.C.P.**

Parallel Networks, LLC ("Parallel") brings the instant motion under Rule 59(e) Fed.R.Civ.P., asking this Court to vacate its order granting summary judgment[1] in favor of 45 defendants ("defendants-in-issue") and their websites identified at Exhibits 1 and 2.[2] Parallel's motion is *not* seeking to vacate the Court's grant of summary judgment for the remaining 36 defendants granted summary judgment (identified at Exhibit 1)[3] and, therefore, the Court's expedited proceeding will still have moved the case to resolution with respect to a large number of defendants.

Parallel's timely amendments to its infringement contentions under P.R. 3-6(a) are grounded in its good faith belief that the Court's claim construction ruling, which defined claim terms in a way that was not proposed by either party and that could not have been anticipated, calls for and allows for the amendment of Parallel's infringement contentions. The grant of Parallel's motion will serve the interests of justice: the defendants-in-issue are not entitled to summary judgment based on Parallel's amended infringement contentions that apply the Court's

---

[1] As of the date of the Court's *Markman* and summary judgment Memorandum Opinion and Order, D.I. 566, there were 99 defendants in the case (identified at Exhibit 1). Defendants erroneously contended in their summary judgment motion that there were only 13 defendants to whom the summary judgment motion did not apply (*See* D.I. 481 at 22, 24). The Court's summary judgment order granted summary judgment for all accused websites for 73 defendants, thereby leaving 26 defendants with one or more accused websites that were not subject to the summary judgment order. (Exhibit 1; Exhibit 2; Exhibit 3). This motion is applicable to 37 of the 73 defendants who were granted summary judgment and 8 defendants who were granted summary judgment on fewer than all of their accused websites. (Exhibit 1; Exhibit 2).

[2] This motion does not ask for reconsideration of the Court's claim construction order, in particular its constructions of the terms "executable applet" and "dynamically generated by the server in response to the request"/"generating [an executable applet] dynamically in response to the request." However, Parallel does not agree with this Court's construction of these terms and Parallel is not waiving the right, and is expressly reserving the right, to challenge these constructions in this Court or in the Court of Appeals.

[3] Parallel is not waiving the right, and is expressly reserving the right, to challenge the Court's grant of summary judgment for these 37 defendants in the Court of Appeals.

claim construction. Parallel's amended infringement contentions identified in Exhibit 4 are attached as Exhibits 5 - 42.[4]

## I. BACKGROUND

This is an action in which Parallel, as owner of U.S. Patent No. 6,446,111 ("the '111 patent"), brought suit for patent infringement against a number of defendants. In order to address potentially case dispositive issues in a timely and economical manner, the Court ordered a novel procedure consisting of an expedited mini-*Markman* proceeding on three claim terms and a simultaneous summary judgment proceeding. (D.I. 338 at 7). The Court significantly limited discovery during the expedited proceeding (*Id.*), so that most defendants produced few documents, no depositions have been taken, and 74 of the remaining 99 defendants have never responded to any interrogatories. Over six months remain for discovery, which ends on March 21, 2012. (D.I. 470).

On August 12, 2011, this Court issued its claim construction ruling on the three terms at issue in the mini-*Markman* proceeding and granted summary judgment entirely for 73 defendants, leaving 26 defendants with one or more accused website not subject to the summary judgment order. (D.I. 566, Memorandum Opinion and Order; Exhibit 1; Exhibit 3). In relevant part, the Court adopted defendants' proposed construction for the term "dynamically generated by the server in response to the request" but the Court additionally found that this term required that the applet must be transferred in a "single transmission," a limitation that was not proposed by any party. (D.I. 566 at 10, 15-16; June 21, 2011, mini-*Markman* and Summary Judgment Hearing Trans. ("*Markman* Trans.") at 98:23-25; D.I. 526 at 13-14). In addition, the Court's

---

[4] Parallel has attached to this Motion its amended infringement contentions that it has completed as of the filing of this brief. (Exhibit 4). Under P.R. 3-6(a), Parallel will complete its remaining amended infringement contentions by September 12, 2011, and Parallel intends to file the remaining amended infringement contentions with the Court when they are completed. (Exhibit 4 at ¶4).

claim construction order adopted a construction for "executable applet" that was different than either parties' proposed construction. (D.I. 566 at 5-6).

In view of the Court's unexpected claim constructions and in accordance with P.R. 3-6(a), on or before September 12, 2011, Parallel will serve amended preliminary infringement contentions establishing infringement with respect to the defendants-in-issue in accordance with this Court's claim constructions as recited in its Order. (D.I. 566). Again, these infringing defendants-in-issue are identified at Exhibit 1 and Exhibit 2. For this reason, as discussed below, Parallel asks this Court to vacate its summary judgment order under Rule 59(e), Fed.R.Civ.P., with respect to the identified defendants-in-issue, because Parallel's amended infringement contentions establish that these defendants' websites satisfy the limitations at issue, as construed by the Court. (Exhibits 4 - 42). For that reason, this Court's grant of summary judgment should be vacated.

## II. STATEMENT OF FACTS

This Court ordered a novel procedure consisting of a combined mini-*Markman* and summary judgment proceeding, held a hearing, and issued a ruling on August 12, 2011, construing three terms proposed by defendants and granting summary judgment for all websites of 73 defendants. (D.I. 566, Exhibit 1). The Court's constructions of the first two claim terms are relevant to this motion.

### A. The Court's Construction of the Term "Dynamically Generated by the Server in Response to the Request" was not Proposed by Either Party

The first claim term at issue in this motion is "dynamically generated by the server in response to the request"/"generating [an executable applet] dynamically in response to the request" (the "dynamically generated term"). In its claim construction ruling, this Court construed the dynamically generated term as follows:

> The Court has construed "[applet] dynamically generated by the server in response to the request" (claim 1) as constructed at the server, by combining the requisite functionality with the necessary data, at the time of and [in] response to the client request" and "generating [an executable applet] dynamically in response to the data request" (claim 17) as "constructing at the server, by combining the requisite functionality with the necessary data, at the time of and in response to the client request."

(D.I. 566 at 14). Importantly, however, the Court also held that this term requires a "single transmission," which is a limitation that was not proposed by either party. (D.I. 566 at 7, 10).

In the briefing on this term, Parallel contended that the dynamically generated term did not require that the applet be "transferred in a single transmission." (D.I. 526 at 13-14). At the hearing, defendants also agreed that their proposed construction did not require that the applet be transferred in a single transmission:

> "[Mr. Cicarrelli on behalf of defendants:] …Your Honor, the single transmission is an issue that they have generated, that Plaintiffs [sic] have generated. It is not in our construction. * * *"

(*Markman* Trans. at 98:23-25). Despite both parties stating that a "single transmission" was not an appropriate construction for the dynamically generated term, the Court found that this claim term raised the issue of "whether the applet is necessarily sent in a single transmission." (D.I. 566 at 7). In addressing the issue, the Court held that the applet must necessarily be "transferred to the client in a single transmission rather than separate transmissions of each part." (D.I. 566 at 10). Relying on this construction, this Court granted summary judgment of noninfringement with respect to all websites of 73 of the 99 defendants:

> The Moving Defendants' accused instrumentalities do not operate in the manner claimed by the '111 patent. Moreover, they function in the precise way taught away from by the patent. By including either the data or functionality in a link rather than actual code to communicate the data or functionality, multiple transmissions between the server and client are required to transmit the necessary aspects of the applet.

4

(*Id*. at 16). In sum, on this issue, the Court's construction—never having been proposed by either party—could not have been anticipated.

### B. The Court's Construction of the Term "Executable Applet" is Different from Either Parties' Proposed Construction

The second claim term at issue in this motion is "executable applet." The Court did not adopt either parties' proposed constructions. (D.I. 566 at 5-6). The Court rejected defendants' proposed construction because it unnecessarily attempted to limit the claim term and used vague and "possibly indefinite" language. (D.I. 566 at 6). The Court also found that Parallel's proposed construction imported limitations from preferred embodiments. (D.I. 566 at 6). Therefore, the Court held that an "executable applet" did not need to be able to be discarded or "interact[ ] locally with a client," but only had to be "program code that can be used by a client device." (D.I. 566 at 6).

### C. Parallel's Amended Infringement Contentions Establish Infringement Under the Court's Claim Constructions

Upon receipt of the Court's claim construction ruling, Parallel reviewed the code and relevant facts with respect to defendants' websites to determine whether, based on the Court's unexpected constructions, those websites infringed the dynamically generated term and "executable applet" term as construed by this Court. Parallel identified such infringing activities for 45 defendants and therefore is amending its infringement contentions under P.R. 3-6(a) with respect to those defendants-in-issue based on its good faith belief that the Court's claim construction ruling requires such amendments. (Exhibits 5 - 42). For each of the defendants-in-issue, their websites have a single file that is transferred in a single transmission that satisfies the dynamically generated term and "executable applet" term as construed by this Court.

As a consequence, as shown herein, of the 73 defendants that this Court found not to be infringing, in fact 37 defendants infringe the '111 patent under this Court's claim construction; in

5

addition, eight defendants found not to infringe on fewer than all of the accused websites do indeed infringe on one or more of those same accused websites. Those 45 defendants-in-issue operate their accused websites with an executable applet that is constructed at the server by combining the requisite functionality with the necessary data, at the time of and in response to the client request, and the applet is transferred to the client in a single transmission. Consequently, this Court should vacate its summary judgment ruling under Rule 59(e), Fed.R.Civ.P., with respect to the 45 defendants-in-issue and their websites identified at Exhibits 1 and 2 and allow this action to go forward with respect to those defendants based on Parallel's amended infringement contentions in accordance with the present docket control order.

## III. APPLICABLE LAW

In order to facilitate the consideration of Parallel's amended infringement contentions with respect to the defendants-in-issue, Parallel first asks this Court to vacate its grant of summary judgment with respect to those defendants under Rule 59(e), Fed.R.Civ.P. The grant of summary judgment should be vacated given that the defendants-in-issue infringe under this Court's unexpected claim constructions of the dynamically generated term and "executable applet" term.

There are two legal principles applicable to this motion, and both are well settled.

First, under Rule 59(e), Fed.R.Civ.P., this Court has the authority to alter or amend its judgment under circumstances that are clearly present here. Under Rule 59(e), a court may alter or amend a judgment "if the movant shows either (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *In re Benjamin Moore & Co.*, 318 F. 3d 626, 629 (5th Cir. 2002). As discussed below, all of these factors are present here.

Secondly, the applicable local rules with respect to the amendment of infringement contentions are well settled. Under P.R. 3-6(a), not later than 30 days after service by the Court of its claim construction ruling and in this case by September 12, 2011, Parallel "may serve 'Amended Infringement Contentions' without leave of court" if it "believes in good faith that the Court's Claim Construction Ruling so requires." Parallel is not required under P.R. 3-6(a) to seek leave of the Court to amend its infringement contentions.

However, in the event that the defendants erroneously argue that leave of Court is required, Parallel squarely meets the standards for amending. To determine whether the amendment of infringement contentions is appropriate, the Court considers four elements: (1) the explanation for the delay, (2) the importance of what the Court might be excluding, (3) the potential prejudice if the Court allows the thing that would be excluded, and (4) the availability of a continuance to cure such prejudice. *Nidec Corp. v. LG Innotek Co.*, 2009 WL 3673253 *1 (E.D. Tex. Sept. 2, 2009). All of these factors favor Parallel and call for the Court to vacate its summary judgment ruling in view of Parallel's amended infringement contentions.

## IV.     ARGUMENT

This Court should grant Parallel's motion to vacate its summary judgment order with respect to the identified 45 defendants-in-issue and their websites. (Exhibit 2). This will properly allow Parallel to have full and complete consideration of its amended infringement contentions with respect to the defendants-in-issue under this Court's claim construction. The reasons supporting this request are in accordance with and fully supported by the factors recited above.

**A. The Court Should Vacate Its Summary Judgment Order Due to an Intervening Change in the Law, New Evidence, and To Prevent Manifest Injustice**

Each of the three factors that should be considered with respect to a Rule 59(e) motion supports Parallel's instant motion.

**1. The Court's Claim Construction Order was An Intervening Change in the Law of the Case**

Summary judgment should be vacated with respect to the defendants-in-issue because there has been an intervening change in the controlling law in this case, namely the Court's claim constructions for two claim terms. The Court's claim constructions necessitated that Parallel amend its infringement contentions to demonstrate that the defendants-in-issue infringe based on the new constructions. As explained above, the Court's construction of the dynamically generated term requires that the applet be transferred in a single transmission, even though the parties both contended that such a limitation was not required by the claim term or found in their proposed constructions. (D.I. 566 at 10, 15-16; *Markman* Trans. at 98:23-25; D.I. 526 at 13-14). Furthermore, as explained above, the Court construed an "executable applet" to mean "program code that can be used by a client device," which was not a construction proposed by either party. Accordingly, these new claim constructions require Parallel to reanalyze the code of defendants' websites under the Court's unanticipated claim constructions and to amend its accusations of infringement with respect to the defendants-in-issue. Plainly, the need for these amended infringement contentions could not have been foreseeable prior to the Court's claim construction order.

**2. Parallel's Amended Infringement Contentions Could Not Have Been Anticipated Prior to the Court's Claim Construction Order**

There is also new evidence that was not previously available due to the Court's claim constructions as set forth in Parallel's amended infringement contentions. Parallel's original

8

infringement contentions were based on the joint belief of the parties that a "single transmission" was not a required limitation of the asserted claim terms and that executable applets required limitations other than program code that could be used by a client device. (*Supra* section II). The type of program code that could be accused of infringement changed when the Court found that the dynamically generated term required a single transmission and that an executable applet had to be program code that could be used by a client device. (*See* D.I. 566 at 6, 7, 10). Therefore, Parallel believes in good faith that the Court's constructions require amending its infringement contentions to present new evidence satisfying the new constructions. (*See* P.R. 3-6(a)).

In amending its infringement contentions, Parallel identified JavaScript Object Notation ("JSON") in each of the accused websites for the defendants-in-issue. (Exhibits 5 - 42). The JSON code in the amended infringement contentions is understood by Parallel to be constructed at the server by combining the requisite functionality with the necessary data at the time of and in response to the client request, and also to be found in a single file and transferred in a single transmission. (*Id.*). Moreover, the JSON code satisfies the Court's construction of "executable applet." The JSON code is program code that can be used by the client device. (*Id.*). The need for these new infringement contentions could not have been previously foreseeable because they are dependent upon the Court's unexpected claim constructions—they would not have been appropriate in view of the claim constructions proposed by any party.

### 3. The Court's Summary Judgment Order Should be Vacated To Prevent Manifest Injustice

The Court should vacate its summary judgment ruling with respect to the defendants-in-issue in order to prevent manifest injustice. *Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 356-357 (5th Cir. 1989) (the Court is "obliged to reconsider" its summary judgment order in view of

"documents [that] reflect the existence of genuine issues of material fact" showing that the prior summary judgment could not be justified). The unique procedures in this case highlight the need for the Court to consider Parallel's amended infringement contentions to prevent manifest injustice.

Ordinarily under the local rules, when the patentee receives a *Markman* order that allows for amendments to its infringement contentions, the patentee would have 30 days to amend its infringement contentions without leave of the Court to respond to unexpected claim constructions by the Court. This is what Parallel is seeking to do here. (P.R. 3-6(a)). The amendments would usually occur sometime—at least several months—before summary judgment motions would be filed, thereby allowing the evidentiary record to be developed in view of the Court's constructions prior to summary judgment. However, in this case, the Court's combined expedited mini-*Markman* and summary judgment proceeding prevented Parallel from being able to amend its infringement contentions under P.R. 3-6(a) prior to the filing of summary judgment motions. As a result, Parallel plainly did not have the opportunity to develop its infringement evidence in light of the Court's claim constructions prior to this Court's grant of summary judgment.

Parallel is now seeking to develop the evidentiary record in view of the Court's claim construction by amending its infringement contentions with respect to the defendants-in-issue to demonstrate that the accused websites infringe in view of the Court's claim constructions. As explained above, the need for these infringement contentions could not have reasonably been foreseen prior to the Court's order. Furthermore, there will be manifest injustice if the summary judgment order impedes Parallel's infringement contentions: Parallel never had the opportunity

to submit evidence consistent with the Court's unexpected claim constructions, evidence that would ordinarily be allowed under P.R. 3-6(a).

For all of the reasons discussed above, Parallel's Rule 56(e) motion should be granted and the Court's summary judgment order should be vacated with respect to the defendants-in-issue.

### B. Parallel Meets the Relevant Legal Standard For Amending its Infringement Contentions

Although Parallel is not required to seek leave of the Court to amend its infringement contentions under P.R. 3-6(a), Parallel still meets the standard for amending its infringement contentions. To determine whether the amendment of infringement contentions is appropriate, the Court considers four elements: (1) the explanation for the delay, (2) the importance of what the Court might be excluding, (3) the potential prejudice if the Court allows the thing that would be excluded, and (4) the availability of a continuance to cure such prejudice. *Nidec Corp.*, 2009 WL 3673253 at *1. Each of these factors weigh in favor of considering Parallel's amended infringement contentions.

First, Parallel did not delay in submitting its amended infringement contentions. To the contrary, Parallel will serve its amended infringement contentions within the thirty day period provided by the local rules. (P.R. 3-6(a)). In addition, as explained above, Parallel could not have reasonably anticipated this Court's construction of the dynamically generated term and "executable applet" term. With respect to the dynamically generated term, this Court in essence held, as shown above, that the term requires that the applet be transferred to the client in a single transmission. However, in the mini-*Markman* proceedings, no party argued for this construction and, in fact, the defendants expressly disavowed such a construction. (*Markman* Trans. at 98:23-25; D.I. 526 at 13-14). And with respect to the "executable applet" term, based on each parties'

11

proposed constructions, Parallel could not have reasonably foreseen a claim construction that was broad enough to allow more program code to be readily accused of infringement. Plainly, Parallel could not have anticipated these constructions. Thus, Parallel did not delay in presenting its amended infringement contentions (applying this Court's constructions of the dynamically generated term and "executable applet").

Secondly, Parallel's amendment is of great importance. Under the Court's long-standing local patent rules, Parallel would be entitled to amend its infringement contentions under P.R. 3-6(a), yet the Court's expedited procedure has prevented Parallel from being able to do so prior to summary judgment despite the claim constructions adopted by the Court. In the absence of the grant of this motion, Parallel may be prevented from accusing these websites of infringement. If this motion is denied, many infringing defendants would get a free pass even though their infringement under the Court's claim construction was never adjudicated on the merits. This was never the purpose of the Court's combined mini-*Markman* and summary judgment procedure. This factor weighs strongly in Parallel's favor. *See*, *e.g.*, *Nidec Corp.*, 2009 WL 3673253 at *2 ("Plaintiff is asking to add a significant number of products to its Infringement Contentions and without leave to amend it would be unable to accuse these products in this infringement. This second factor weighs in favor of granting leave."); *see also Mass Engineered Design v. Egrotron, Inc.*, 2008 WL 1930299 at *3-4 (E.D. Tex. Apr. 30, 2008)).

Third, there could be no potential unfair prejudice to the defendants. In this action, the Court significantly limited discovery prior to its Order. (D.I. 338 at 7). Document production is ongoing but is not complete and a significant number of defendants have yet to produce any documents on infringement. Importantly, no depositions have taken place given the incompleteness of the defendants' document production. Moreover, discovery is still open for

over six months. (D.I. 470). Consequently, the defendants have no possible contention that there could be a waste or duplication of effort if this motion is granted. On the other hand, if Parallel's motion is denied, it will be prejudiced by the delay in obtaining equitable relief and damages.

Fourth, no continuance should be necessary here. The parties have over six months to complete discovery and trial is a year away. There is more than sufficient time to complete all tasks without any continuance of the trial or any intervening deadlines. This last factor therefore also favors the grant of Parallel's motion.

In conclusion, all of the relevant factors that should be considered in determining whether to allow Parallel's amended infringement contentions support the conclusion that the amended infringement contentions require the Court to vacate its summary judgment order.

## CONCLUSION

For the foregoing reasons, Parallel's motion should be granted and the summary judgment should be vacated with respect to the 45 defendants-in-issue.

Dated: September 9, 2011

Respectfully submitted,

By: */s/ David R. Bennett*
George S. Bosy
David R. Bennett
Bosy & Bennett
300 North LaSalle Street
49th Floor
Chicago, IL 60654
Telephone: (312) 803-0437
Email: gbosy@bosybennett.com
dbennett@bosybennett.com

Charles Craig "Craig" Tadlock
State Bar No. 00791766
Tadlock Law Firm PLLC
315 North Broadway
Suite 307

Tyler, TX 75702
Telephone: (903) 283-2758
Email: craig@tadlocklawfirm.com

ATTORNEYS FOR PLAINTIFF
PARALLEL NETWORKS, LLC

**CERTIFICATE OF SERVICE**

 I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 9th day of September, 2011, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

            */s/ David R. Bennett*
            One of the Attorneys for Parallel Networks, LLC

**CERTIFICATE OF CONFERENCE**

 I hereby certify that, prior to the filing of this motion, counsel for Parallel Networks, met and conferred pursuant to Local Rule CV-7(h) on a telephone conference held on August 30, 2011 with lead and local counsel for Defendants Coldwater Creek Inc., Hasbro, Inc., and Jill Acquisition LLC and numerous other defendants who stated that they would object to any attempt to amend infringement contentions or to challenge the Court's summary judgment order. Defendants also filed a motion with the Court on September 6, 2011, stating that the Defendants who prevailed on summary judgment would oppose any attempt to amend infringement contentions that challenge the Court's summary judgment ruling. (D.I. 581 at 4).

            */s/ David R. Bennett*
            One of the Attorneys for Parallel Networks, LLC